**CARROLL COUNTY RURAL ELECTRIC MEMBERSHIP CORPORATION, Petitioner,**

**v.**

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

**No. 49T10–0003–TA–32.**

Tax Court of Indiana.

Aug. 10, 2000.

David S. Richey, Randolph G. Holt, Parr Richey Obremskey & Morton, Indianapolis, IN, Attorneys for Petitioner.

Karen M. Freeman–Wilson, Attorney General of Indiana, Joel Schiff, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

Petitioner Carroll County Rural Electric Membership Corporation (REMC) challenges the Indiana Department of State Revenue's (Department) final determination granting REMC's protest for tax years 1995 through 1997 (tax years) but stating that REMC's publication in the future would be subject to the gross retail (sales) and use taxes. In this original tax appeal, the Department presents the following issue for the Court's consideration: whether the Court has jurisdiction to hear a taxpayer's appeal from a final determination where the Department sustains the taxpayer's protest but announces that the taxpayer's purchases no longer will be exempt from the gross retail and use taxes.

**FACTS AND PROCEDURAL HISTORY**

REMC is an Indiana rural electric membership corporation. Each month, REMC purchases a publication titled the ELECTRIC CONSUMER and distributes it to all of its members. Following an audit, the Department proposed assessments of deficiencies in REMC's use taxes for the tax years based upon REMC's use of the ELECTRIC CONSUMER. REMC protested the proposed assessment, contending that its publication is a newspaper that qualifies it for exemption from gross retail and use taxes pursuant to IND.CODE ANN. § 6–2.5–5–17 (West 2000) (newspaper exemption).[1] The Department conducted an administrative hearing on April 28, 1999. On January 14, 2000, the Department issued a Letter of Findings stating in part:

> Taxpayer's publication does not meet all of the regulatory requirements to be considered a newspaper exempt from the gross retail tax.
>
> In the past, the Indiana Department of Revenue has allowed Taxpayer's publication exemption from the gross retail tax as a newspaper. Since the Indiana Department of Revenue is now changing its position, the imposition of the gross retail [and use] tax[es] on Taxpayer's publication will be prospective only.

(Tax Appeal Pet., Ex. 1 at 7.)

On March 10, 2000, REMC filed an original tax appeal with this Court seeking reversal of the Department's determination that its future purchases and use of the ELECTRIC CONSUMER would not qualify for the newspaper exemption. On May 17, 2000, the Department filed a motion to dismiss, along with a brief in support

---

1. Indiana imposes an excise tax, known as the state gross retail tax, on retail transactions made in the state. *See* IND.CODE ANN. § 6–2.5–2–1(a) (West 2000). A complementary excise tax, the use tax, is imposed on tangible personal property stored, used or consumed in Indiana. *See id.*, § 6–2.5–3–2(a). Section 6–2.5–5–17 provides "Sales of newspapers are exempt from the state gross retail tax." Under IND.CODE ANN. § 6–2.5–3–4(a)(2) (West 2000), tangible personal property is exempt from the use tax if it is acquired in a transaction that is wholly or partially exempt from the gross retail tax and the property is being used, stored, or consumed for the purpose for which it was exempted. Thus, the newspaper exemption applies to both the gross retail and use taxes. While use tax was assessed in this case, the Court's opinion will refer to both gross retail and use taxes.

thereof. REMC, on May 25, 2000, responded with a motion and brief opposing dismissal of the action. A hearing on the motion to dismiss was conducted on June 12, 2000, at the conclusion of which the Court took the matter under advisement.

## ANALYSIS AND OPINION

The Department moves to dismiss this original tax appeal for lack of subject matter jurisdiction pursuant to T.R. 12(B)(1). Also, the Department asserts that REMC failed to state a claim upon which relief can be granted pursuant to T.R. 12(B)(6). The Court will consider each claim in turn.

### I. Subject Matter Jurisdiction

■ Every action has three jurisdictional elements: (1) jurisdiction of the subject matter; (2) jurisdiction of the person; and (3) jurisdiction of the particular case. *See Schafer v. Sellersburg Town Council,* 714 N.E.2d 212, 215 (Ind.Ct.App.1999), *trans. denied.* "Subject matter jurisdiction is the power of a court to hear and determine the general class of cases to which the proceedings before it belong." *Musgrave v. State Bd. of Tax Comm'rs,* 658 N.E.2d 135, 138 (Ind. Tax Ct.1995). Whether a court has subject matter jurisdiction "depends on whether the type of claim advanced by the petitioner falls within the general scope of authority conferred upon the court by constitution or statute." *Id.*

■ The general scope of authority conferred upon the Tax Court is governed by IND.CODE ANN. § 33-3-5-2(a)(1) (West 1996). This section provides that the Tax Court is a court of limited jurisdiction, having "exclusive jurisdiction over any case that arises under the tax laws of [Indiana] and that is an initial appeal of a final determination" made by the Department. REMC's appeal meets both jurisdictional prerequisites. First, REMC challenges the Department's assessment and collection of Indiana's gross retail and use taxes. Second, REMC appeals initially from a final determination issued by the Department. Thus, REMC's appeal falls within the general scope of authority granted to this Court.

■ The Department also raises the ripeness issue. Whether a claim is ripe for review concerns the Court's subject matter jurisdiction.[2] *Cf. Wax 'N Works v. City of St. Paul,* 213 F.3d 1016, 1020 (8th Cir.2000) (noting that district court should have dismissed claim pursuant to FED. R.CIV.P. 12(b)(1) because case was not ripe for adjudication). "Ripeness relates to the degree to which the defined issues in a case are based on actual facts rather than on abstract possibilities, and are capable of being adjudicated on an adequately developed record." *Indiana Dep't of Envtl. Management v. Chemical Waste Management, Inc.,* 643 N.E.2d 331, 336 (Ind. 1994).[3] As stated in BLACK' S LAW DICTIO-

**2.** The Court may not issue advisory opinions. *See INS Investigations Bureau, Inc. v. Lee,* 709 N.E.2d 736, 742 (Ind.Ct.App.1999), *trans. denied; Community Hosps. of Ind., Inc. v. Estate of North,* 661 N.E.2d 1235, 1239 (Ind.Ct.App. 1996), *trans. denied. But cf. Indiana Dep't of Envtl. Management v. Chemical Waste Management, Inc.,* 643 N.E.2d 331, 337 (Ind.1994) (noting that Supreme Court "can and does issue decisions which are, for all practical purposes, 'advisory' opinions"). A decision in a case that is not ripe for adjudication would effectively be an advisory opinion beyond this Court's subject matter jurisdiction. *Cf. Edwards v. Schuh,* 5 S.W.3d 829, 831 (Tex.App. 1999) ("A court has no jurisdiction to render an advisory opinion on a controversy that is not yet ripe or to decide a case on speculative, hypothetical or contingent fact situations.").

**3.** For a thorough review of the ripeness doctrine in the federal context, see 13A WRIGHT ET. AL, FEDERAL PRACTICE AND PROCEDURE §§ 3532–3532.6 (1984 & Supp.2000). Several sources shape contemporary ripeness decisions at the federal level, starting with the need for an actual "case" or "controversy" under U.S. CONST. art. III, § 2. *See id.,* § 3532.1. In deciding ripeness claims, other prudential considerations include: (1) the need to defer to other branches of government; (2) avoidance of unnecessary constitutional decisions; (3) comity to state institutions; and (4) statutory severability. *See id.* The Indiana Supreme Court in *Chemical Waste Management* observed that the Indiana Constitution lacks the "cases" and "controversies" language of U.S. CONST. art. III, § 2 but that the "separation of powers language in [IND. CONST. art.

NARY 1328 (7th ed.1999), ripeness is the "circumstance existing when a case has reached, but has not passed, the point when the facts have developed sufficiently to permit an intelligent and useful decision to be made." *Cf. Meinders v. Weber,* 604 N.W.2d 248, 263 (S.D.2000) ("Ripeness involves the timing of judicial review and the principle that judicial machinery should be conserved for problems which are real and present or imminent, not squandered on problems which are abstract or hypothetical or remote.") (citation and internal quotation omitted). When ruling upon a ripeness challenge, the Court must consider: (1) "the fitness of the issues for judicial decision"; and (2) "the hardship to the parties of withholding court consideration." *Rene ex rel. Rene v. Reed,* 726 N.E.2d 808, 822 (Ind.Ct.App.2000) (citation omitted).

■ The Court finds that the present case is ripe for review. REMC claims that the Department erroneously found that its publication, the ELECTRIC CONSUMER, does not meet the regulatory requirements to be considered a newspaper exempt from the gross retail and use taxes. In reaching this decision, the Department first listed the regulatory requirements found in IND. ADMIN. CODE tit. 45, r. 2.2–5–26 (1996), which in relevant part provides:

> (a) General rule. In general, sales of all publications irrespective of format are taxable. The exemption provided by this rule is limited to sales of newspapers.
>
> (b) Application of general rule. For purposes of the state gross retail tax, the term "newspaper" means only those publications which are:
>
> (1) commonly understood to be newspapers;
>
> (2) published for the dissemination of news of importance and of current

interest to the general public, general news of the day, and information of current events; [4]

> (3) circulated among the general public;
>
> (4) published at stated short intervals;
>
> (5) entered or are qualified to be admitted and entered as second class mail matter at a post office in the county where published; and
>
> (6) printed for resale and are sold.
>
> * * *
>
> (e) Publications issued monthly, bimonthly, or at longer or irregular intervals are generally not considered to be newspapers.

The Department then proceeded to apply each of the six elements to the facts as regards the content, publication, circulation and distribution of the ELECTRIC CONSUMER. For example, the Department found that subsection (b)(3) was not met because the ELECTRIC CONSUMER was primarily circulated via automatic mailings to REMC's members. The Department concluded that, while members of the general public could subscribe to the publication, this fact was not "effectively publicized . . . and there is no evidence that very many people actually pay the subscription rate to obtain the publication." (Tax Appeal Pet., Ex. 1 at 6.) Thus, the Department determined that the ELECTRIC CONSUMER does not circulate among the general public. As a second example, the Department found that the ELECTRIC CONSUMER is issued monthly, a fact inconsistent with a newspaper's definition pursuant to subsection (b)(4) and section (e). A monthly publication interval, the Department observed, is "too long an interval for it to be considered a newspaper. Rather, monthly publications are generally considered magazines and not entitled to the newspaper exemption from the gross retail [and use] tax[es]." (Tax Appeal Pet., Ex. 1 at 7.)

---

III, § 1] fulfills an analogous function in our own judicial activity, or lack thereof." 643 N.E.2d at 336–37.

**4.** This Court, in *Emmis Publishing Corp. v. Indiana Department of State Revenue,* 612

N.E.2d 614, 623 (Ind. Tax Ct.1993), *reconsideration denied,* held that subsection (b)(2) is "null and void" because it unconstitutionally discriminates on the basis of the content of speech.

The substantive issue on appeal is simple and straightforward: whether REMC's publication qualifies as a newspaper. The Department considered the facts sufficiently developed for purposes of deciding whether the ELECTRIC CONSUMER met the regulatory definition of a newspaper. Further, the Department was satisfied with the factual development of the case before it to the extent that it announced that the gross retail and use taxes would prospectively apply to REMC's purchases and use of the ELECTRIC CONSUMER.[5] Having reviewed the record in this case, the Court finds that a sufficient factual basis for REMC's challenge exists. Therefore, the Court concludes that the substantive issue before it is fit for judicial decision.

In addition, it would be a burdensome waste of REMC's resources to deny hearing its appeal on ripeness grounds. The Department suggests that REMC should protest and seek to enjoin collection of the gross retail and use taxes or, in the alternative, seek a refund. However, as counsel for REMC makes clear, either option would be cumbersome, inefficient and unsatisfactory:

5. The Department appears to view the facts in two polarized perspectives. In the Letter of Findings, it cites to specific facts that bring REMC's publication outside the regulatory definition of a newspaper. In contrast, during the hearing on its motion to dismiss, the Department argued that there are "no specific facts.... [The Department is] putting out in [its Letter of Findings] what would be characterized as maybe dicta ... that could be used in the future.... [I]t's not a determination on the actual facts of the case...." (Hr'g Tr. at 5–6.) In other words, the Department seems to say that the Letter of Findings in this case should be viewed as a hypothetical that puts REMC on notice that it "may" be subject to the sales and use taxes in the future. This is absurd. Either the facts are or are not sufficiently developed for determining that REMC's publication is a newspaper. If the Department was offering a hypothetical or was truly leaving the door open as to whether the publication in question would in the future be deemed a newspaper, it could and should have done so in more certain terms. In this case, the Department applied the facts to the regulations and firmly concluded that the publication did not qualify as a newspa-

And so [REMC is] left in a dilemma as to ... whether [it] should ... collect and pay the [gross retail] tax or remit the use tax, as the case may be, and whether [REMC is] going to be subject to penalties and interest for failure to pay that if [it] decide[s] not to, or go through the burdensome process of collecting, paying it, [and] asking for a refund. In the case of [gross retail] tax, the publisher wouldn't be entitled to ask for a refund until the consumer asked for a refund from them then.

(Hr'g Tr. at 9.) [6] This potential burden is too great a hardship on REMC and its customers. In light of this conclusion and because the facts have been sufficiently developed and the substantive issue is fit for judicial decision, the Court finds that REMC's original tax appeal is ripe for review. The Court has subject matter jurisdiction over this case.

## II. *Jurisdiction Over the Particular Case*

 The Department also based its motion to dismiss on an alleged failure of

per. Moreover, the Letter of Findings is intended to provide the public with guidance on the Department's "official position concerning specific issues." (Tax Appeal Pet., Ex. 1 at 4.) The publication of the Letter of Findings is a prerequisite for the Department before it can change its position as to the interpretation of a tax, where the change would increase the taxpayer's liability. *See* IND.CODE ANN. § 6–8.1–3–3(b) (West 2000). It is clear from the Letter of Findings that REMC's protest was sustained only because the Department's position represented a change in its interpretation of the sales and use taxes that would increase REMC's tax liability. Thus, the Department cannot now be heard to argue that the Letter of Findings was insignificant or had no meaningful impact; it was much more than a hypothetical.

6. *See generally* IND.CODE ANN. §§ 6–2.5–6–13 & –14 (West 2000) (listing prerequisites for refunds to persons and retail merchants); IND. CODE ANN. §§ 6–8.1–5–1 & –9–1 (West 2000) (describing process for protesting assessments and filing refund claims); and IND.CODE ANN. §§ 6–8.1–10–1 & –2.1 (describing interest and penalty liability of taxpayers).

REMC to state a claim upon which relief can be granted under T.R. 12(B)(6). While the Department appears to incorrectly apply its ripeness argument to this standard, its motion can be read to challenge the Court's jurisdiction over the particular case. Jurisdiction over the particular case refers to the "right, authority, and power to hear and determine a specific case within the class of cases over which a court has subject matter jurisdiction." *Adler v. Adler*, 713 N.E.2d 348, 352 (Ind. Ct.App.1999) (quoting *Harp v. Indiana Dep't of Highways*, 585 N.E.2d 652, 659 (Ind.Ct.App.1992)). Whether a court has jurisdiction to hear a specific case depends upon the existence of particular facts contained within the case. *See id.*; *see also Dixon v. Siwy*, 661 N.E.2d 600, 605 n. 10 (Ind.Ct.App.1996) (discussing key distinctions between subject matter jurisdiction and jurisdiction over the particular case). The appropriate means for challenging a court's jurisdiction over a particular case is a T.R. 12(B)(6) motion. *See Browning v. Walters*, 620 N.E.2d 28, 31 (Ind.Ct.App. 1993).

■ IND.CODE ANN. § 33-3-5-11(a) (West 1996) states "If a taxpayer fails to comply with any statutory requirement for the initiation of an original tax appeal, the tax court does not have jurisdiction to hear the appeal." Thus, if REMC had failed to comply with a statutory prerequisite before filing its appeal, the Court would lack jurisdiction to consider this particular case. In the present case, the Department claims that REMC has skipped all of the statutory steps because no tax has been assessed, so that there is no tax for REMC to protest or enjoin collection of and no tax paid for which a refund can be sought. As far as future protests or refund claims are concerned, the Department is correct. However, future protests or refund claims are not at issue in this case. They do not concern whether the Court has jurisdiction over the case currently before it. REMC has completed all the statutory requirements to bring this appeal. Therefore, the Department has failed to demonstrate that the Court lacks jurisdiction over this particular case.

## CONCLUSION

For the aforementioned reasons, the Department's motion to dismiss is DENIED.