**MILLER VILLAGE PROPERTIES CO., LLP, Petitioner,**

v.

**INDIANA BOARD OF TAX REVIEW, Respondent.**

No. 45T10–0205–TA–51.

Tax Court of Indiana.

Dec. 11, 2002.

Timothy R. Sendak, Peggy Jo Stamper, Sendak, Rominger, Stamper & Whitten, Crown Point, IN, Attorneys for Petitioner.

Steve Carter, Attorney General of Indiana, Michael C. Dart, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

## ORDER ON RESPONDENT'S MOTION TO DISMISS AND PETITIONER'S MOTION FOR LEAVE TO AMEND

FISHER, J.

Miller Village Properties Co., LLP (Miller Village) appeals the final determination of the Indiana Board of Tax Review (Indiana Board) assessing its real property for the 1995 tax year. The dispositive issue before the Court is whether it has jurisdiction over Miller Village's appeal. For the reasons stated below, the Court DISMISSES Miller Village's appeal.

## FACTS AND PROCEDURAL HISTORY

Miller Village owns an apartment building in Gary, Indiana. On September 3, 1999, Miller Village appealed its 1995 assessment to the Indiana State Board of Tax Commissioners (State Board). On December 6, 2000, the State Board held a hearing on Miller Village's appeal.

On December 31, 2001, the legislature abolished the State Board. Pub.L. No. 198–2001, § 119(b)(2). Effective January 1, 2002, the legislature created the Indiana Board of Tax Review (Indiana Board) as "successor" to the State Board.[1] IND.CODE §§ 6–1.5–1–3; 6–1.5–4–1 (Supp.2001); Pub.L. No. 198–2001, § 95. Consequently, when a final determination was issued on Miller Village's appeal in March 2002, it was issued by the Indiana Board.

On May 13, 2002, Miller Village appealed the Indiana Board's final determination to this Court, naming the Indiana Board as the sole respondent. On August 13, 2002, the Indiana Board, in its responsive pleading, moved to dismiss Miller Village's petition on the basis that this Court lacked subject matter jurisdiction. Specifically, the Indiana Board alleged that Miller Village failed to identify the local government officials who made the original assessment

---

1. Effective January 1, 2002, the legislature also created the Department of Local Government Finance (DLGF). IND.CODE § 6–1.1–30–1.1 (West Supp.2001)(eff.1–1–02); P.L. 198–2001, § 66. Pursuant to Indiana Code § 6–1.5–5–8, the DLGF is substituted for the State Board in appeals from final determinations of the State Board that were issued *before* January 1, 2002. IND.CODE § 6–1.5–5–8 (West Supp.2001)(eff.1–1–02)(emphasis added); P.L. 198–2001, § 95.

determination as the appropriate parties to the proceeding. On September 10, 2002, Miller Village filed a motion for leave to amend its petition to include the appropriate local government officials. The Court conducted a hearing on both motions on November 14, 2002. Additional facts will be provided as needed.

## ANALYSIS AND OPINION

### Standard of Review

■ This Court gives great deference to final determinations of the Indiana Board when it acts within the scope of its authority. *See Thousand Trails, Inc. v. State Bd. of Tax Comm'rs,* 757 N.E.2d 1072, 1075 (Ind.Tax Ct.2001); *see also* IND.CODE §§ 6–1.1–15–4; 6–1.1–15–5; 6–1.5–1–3; 6–1.5–4–1 (Supp.2001); Pub.L. No. 198–2001, § 119(b)(2) (replacing the State Board with the Indiana Board). While Tax Court appeals are generally subject to the provisions of the Administrative Orders and Procedures Act (AOPA) contained in Indiana Code § 4–21.5–5, *see* IND.CODE § 6–1.1–15–5(b) (Supp.2001), the Court reviews final determinations of the Indiana Board under Indiana Code § 33–3–5–14.8. IND.CODE § 33–3–5–14.8(a) (Supp.2001). That statute provides in relevant part:

> The tax court shall grant relief ... only if [it] determines that a person seeking judicial relief has been prejudiced by an action of the Indiana board of tax review that is:
>
> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory jurisdiction, authority, or limitations;

(4) without observance of procedure required by law; or

(5) unsupported by substantial or reliable evidence.

IND.CODE § 33–3–5–14.8(e)(1)–(5) (Supp. 2001).[2]

### Discussion

■ The dispositive issue before the Court is whether it has jurisdiction over Miller Village's appeal. Every action has three jurisdictional elements: 1) jurisdiction of the subject matter; 2) jurisdiction of the person; and 3) jurisdiction of the particular case. *Carroll County Rural Elec. Membership Corp. v. Indiana Dep't of State Revenue,* 733 N.E.2d 44, 47 (Ind. Tax Ct.2000). The Indiana Board maintains that this Court lacks subject matter jurisdiction over Miller Village's appeal and therefore the case must be dismissed.

■ Subject matter jurisdiction is "the power of a court to hear and determine the general class of cases to which the proceedings before it belong." *Musgrave v. State Bd. of Tax Comm'rs,* 658 N.E.2d 135, 138 (Ind.Tax Ct.1995). A determination as to whether subject matter jurisdiction exists "depends on whether the type of claim advanced by the petitioner falls within the general scope of authority conferred upon the court by constitution or statute." *Id.*

The general scope of authority conferred upon the Tax Court is governed by Indiana Code § 33–3–5–2. This statute provides that the Tax Court has "exclusive

---

**2.** Our Supreme Court recently stated in dictum, however, that the Tax Court would apply the standard of review set forth in AOPA, Indiana Code § 4–21.5–5–14(d), and not

Indiana Code § 33–3–5–14.8. *State Bd. of Tax Comm'rs v. Garcia,* 766 N.E.2d 341, 345 (Ind. 2002).

jurisdiction over any case that arises under the tax laws of [Indiana] and that is an initial appeal of a final determination" made by the Indiana Board. IND.CODE § 33–3–5–2(a)(2) (Supp.2001). Miller Village's appeal meets both jurisdictional prerequisites. First, Miller Village challenges the assessment of Indiana's property tax. Second, it appeals initially from a final determination of the Indiana Board. Thus, this Court has subject matter jurisdiction over Miller Village's appeal.

■■■ Nevertheless, as the Court stated earlier, every action has three jurisdictional elements. *Carroll County*, 733 N.E.2d at 47. Consequently, because the Court maintains subject matter jurisdiction does not necessarily mean that it has jurisdiction over the particular case.[3] Jurisdiction over a particular case refers to the "right, authority, and power to hear and determine a specific case over which a court has subject matter jurisdiction." *Id.* at 50. "Whether a court has jurisdiction to hear a specific case depends upon the existence of particular facts contained within the case." *Id.*

When this Court has subject matter jurisdiction pursuant to Indiana Code § 33–3–5–2, an appeal is subject to certain provisions and requirements of AOPA, including Indiana Code § 4–21.5–5–7(b)(4). *See* IND.CODE § 6–1.1–15–5(b). This section provides, inter alia, that "[a] petition for review must ... set forth the following: ... (4) Identification of persons who were parties to any proceeding that led to the agency action." IND.CODE § 4–21.5–5–7(b)(4) (1998).

In its petition seeking judicial review of the Indiana Board's final determination, Miller Village named the Indiana Board as the sole respondent. Indiana Code § 6–1.1–15–5(b)(1) provides, however, that the following are parties to judicial review of a final determination by the Indiana Board: "[a][] township assessor, county assessor, member of a county property tax assessment board of appeals, or county property tax assessment board of appeals that made the original assessment determination under appeal under this section[.]" IND.CODE § 6–1.1–15–5(b)(1). *See also* Ind. Tax Court Rule 4(B)(2)(a) (2002) (providing that "[i]n original tax appeals initiated by taxpayers, the named respondents shall be as follows: ... the local governmental official or entity that made the original assessment valuation, exemption determination, or other determination under the tax laws that was the subject of the proceedings before the Indiana Board of Tax Review").

Indiana Code § 6–1.1–15–5(b)(1) does not list the Indiana Board as a party to judicial review. Therefore, the maxim *expressio unius est exclusio alterius* (the enumeration of certain things in a statute implies the exclusion of all others) applies. *See Caylor–Nickel Clinic, P.C. v. Indiana Dep't of State Revenue*, 569 N.E.2d 765, 772 (Ind.Tax Ct.1991) *aff'd* 587 N.E.2d 1311 (Ind.1992). The legislature's specific reference to distinct taxing officials and entities in Indiana Code § 6–1.1–15–5(b)(1) implies that the legislature intended to exclude any person or entity not listed. *See id.* Thus, the Court finds that the legislature did not intend for the Indiana Board to be a party to a proceeding for

---

**3.** Although this particular type of jurisdictional challenge was not raised by either party, the Court will raise it sua sponte. *See Thousand Trails, Inc. v. State Bd. of Tax Comm'rs*, 757 N.E.2d 1072, 1075 n. 5 (Ind.Tax Ct.2001). The appropriate means for a party to challenge a court's jurisdiction over a particular case is a motion under Indiana Trial Rule 12(B)(6). *Carroll County Rural Elec. Membership Corp. v. Indiana Dep't of State Revenue*, 733 N.E.2d 44, 50 (Ind.Tax Ct.2000).

judicial review under Indiana Code § 6–1.1–15.

By naming the Indiana Board as the only party in this case, Miller Village has not complied with the requirements for initiating an original tax appeal. *See* I.C. § 6–1.1–15–5(b). The Indiana legislature has expressly provided that "[i]f a taxpayer fails to comply with any statutory requirement for the initiation of an original tax appeal, the tax court does not have jurisdiction to hear the appeal." IND.CODE § 33–3–5–11(a) (1998); *Thousand Trails,* 757 N.E.2d at 1075–76. Because Miller Village did not comply with the requirements of Indiana Code § 6–1.1–15–5(b), the Tax Court does not have jurisdiction over its appeal. *See* IND.CODE § 33–3–5–11(a); *Thousand Trails,* 757 N.E.2d at 1075–76. Accordingly, the Court must DISMISS Miller Village's appeal for lack of jurisdiction.

■ Miller Village filed a motion for leave to amend its petition on September 10, 2002. *See* Ind. Trial Rule 15(A) (stating that once a responsive pleading has been filed, leave of court is required to amend a pleading). Miller Village argues that if the Court were to grant it leave to amend its petition, the amendment would relate back, under Indiana Trial Rule 15(C), to the original petition it filed on May 13, 2002.

■ Miller Village had 45 days after it received notice of the Indiana Board's March 28, 2002 final determination to initiate an original tax appeal sufficient to invoke this Court's jurisdiction. *See* IND. CODE § 6–1.1–15–5(c)(1) (Supp.2001). "[An] untimely amended petition cannot relate back to a timely-filed original petition that was insufficient to invoke the ... court's jurisdiction." *Indiana Dep't of Envtl. Mgmt. v. Jennings Northwest Regional Utilities,* 760 N.E.2d 184, 187 (Ind. Ct.App.2001). *But cf.* T.R. 15(A) (stating that a party may amend its pleading once as a matter of course at any time before a responsive pleading is served). Because Miller Village's original petition was insufficient to invoke this Court's jurisdiction, its amended petition, which was outside the 45–day window, cannot relate back to its original petition. As a result, Miller Village's motion for leave to amend is DENIED.[4]

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Indiana Board's motion to dismiss, and DENIES Miller Village's motion for leave to amend. The cause is now DISMISSED. The parties shall each pay their own costs.

SO ORDERED this 11th day of December, 2002.

---

**4.** This Court reiterates its reminder to potential litigants: file earlier rather than later.