William and Dorothy LONG,
Petitioners,

v.

WAYNE TOWNSHIP ASSESSOR,
Respondent.

No. 49T10–0404–TA–20.

Tax Court of Indiana.

Jan. 12, 2005.

Gary M. Timpe, Timpe Legal Services, LLC, Indianapolis, IN, Attorney for Petitioners.

Steve Carter, Attorney General of Indiana, John D. Snethen, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

ORDER ON RESPONDENT'S
MOTION TO DISMISS

FISHER, J.

The Petitioners, William and Dorothy Long (the Longs), appeal from a final determination of the Indiana Board of Tax Review (Indiana Board) assessing their real property for the 2002 assessment. The matter is currently before the Court on the Wayne Township Assessor's (Assessor) motion to dismiss. For the reasons stated below, the Court DENIES the Assessor's motion.

## FACTS AND PROCEDURAL HISTORY

The Longs own land and a multi-family, row-type dwelling in Indianapolis, Indiana. For the 2002 assessment, the property was assigned an assessed value of $87,800.

Believing this value to be too high, the Longs appealed the assessment to the Indiana Board. On December 16, 2003, the Indiana Board conducted a hearing on the Longs' appeal. On March 15, 2004, the Indiana Board issued a final determination in which it affirmed the assessment.

The Longs filed an appeal with this Court on April 29, 2004. On June 3, 2004, the Assessor moved to dismiss the case on the basis that the Court lacked subject matter jurisdiction. More specifically, the Assessor asserted that, pursuant to Indiana Code § 4–21.5–5–13, the Longs were required to file a copy of the administrative record with the Court by June 1, 2004—and they failed to do so. Both parties waived a hearing on the matter. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

The sole issue currently before the Court is whether it has jurisdiction over the Longs' appeal. Every action has three

jurisdictional elements: 1) jurisdiction of the subject matter; 2) jurisdiction of the person; and 3) jurisdiction of the particular case. *Carroll County Rural Elec. Membership Corp. v. Indiana Dep't of State Revenue,* 733 N.E.2d 44, 47 (Ind. Tax Ct.2000) (citation omitted). The Assessor maintains that this Court lacks subject matter jurisdiction over the Longs' appeal and therefore the case must be dismissed.

"Subject matter jurisdiction is the power of a court to hear and determine the general class of cases to which the proceedings before it belong." *Musgrave v. State Bd. of Tax Comm'rs,* 658 N.E.2d 135, 138 (Ind. Tax Ct.1995). A determination as to whether subject matter jurisdiction exists "depends on whether the type of claim advanced by the petitioner falls within the general scope of authority conferred upon the court by constitution or statute." *Id.*

The general scope of authority conferred upon the Tax Court is governed by Indiana Code § 33–26–3–1. This statute provides that the Tax Court has "exclusive jurisdiction over any case that arises under the tax laws of Indiana and that is an initial appeal of a final determination" made by the Indiana Board. IND.CODE ANN. § 33–26–3–1 (West Supp.2004). The Longs' appeal meets both jurisdictional prerequisites. First, they challenge the assessment of Indiana's property tax. Second, they appeal initially from a final determination of the Indiana Board. Thus, this Court has subject matter jurisdiction over the Longs' appeal.

Nevertheless, as the Court stated earlier, every action has three jurisdic-tional elements. *Carroll County,* 733 N.E.2d at 47. Consequently, because the Court maintains subject matter jurisdiction does not necessarily mean that it has jurisdiction over the particular case. "Jurisdiction over the particular case refers to the 'right, authority, and power to hear and determine a specific case within the class of cases over which a court has subject matter jurisdiction.'" *Id.* at 50 (quoting *Adler v. Adler,* 713 N.E.2d 348, 352 (Ind.Ct.App.1999) (citation omitted)). The Court, therefore, construes the Assessor's argument as a challenge to its jurisdiction over this particular case.[1]

When this Court has subject matter jurisdiction over a case pursuant to Indiana Code § 33–26–3–1, Indiana Code § 6–1.1–15–5(b) provides, generally, that the appeal is subject to the provisions of Indiana Code § 4–21.5–5—otherwise known as the Administrative Orders and Procedures Act (AOPA). *See* IND.CODE ANN. § 6–1.1–15–5(b) (West Supp.2004). In turn, Indiana Code § 4–21.5–5–13 provides that "[w]ithin thirty (30) days after the filing of the petition, or within further time allowed by the court or by other law, the petitioner shall transmit to the court the original or a certified copy of the agency record for judicial review of the agency action[.]" IND.CODE ANN. § 4–21.5–5–13(a) (West Supp.2004). "Failure to file the record within the time permitted . . . is cause for dismissal of the petition for review by the court, on its own motion, or on petition of any party of record to the proceeding." A.I.C. § 4–21.5–5–13(b). It is this statute, the Assessor argues, that requires the

---

1. The Assessor did not raise this particular type of jurisdictional challenge; nevertheless, the Court examines the issue *sua sponte. See Thousand Trails, Inc. v. State Bd. of Tax Comm'rs,* 757 N.E.2d 1072, 1075 n. 5 (Ind. Tax Ct.2001). The appropriate means for a party to challenge a court's jurisdiction over a particular case is a motion under Indiana Trial Rule 12(B)(6). *Carroll County Rural Elec. Membership Corp. v. Indiana Dep't of State Revenue,* 733 N.E.2d 44, 50 (Ind. Tax Ct.2000).

Court to dismiss the Longs' case. The Court, however, disagrees.

 Indiana courts of general jurisdiction review agency decisions exclusively under AOPA. This Court, however, reviews agency decisions not only in light of Indiana Code § 33–3–5 and § 6–1.1–15, but also in light of its own rules of procedure. Accordingly, Indiana Tax Court Rule 3(E) provides that

> [i]n original tax appeals [from final determinations of the Indiana Board], the petitioner shall request the Indiana Board [ ] to prepare a certified copy of the agency record within thirty (30) days after filing the petition. . . . The petitioner shall transmit a certified copy of the record to the Tax Court within (30) days after having received notification from the Indiana Board [ ] that the record has been prepared.

Ind. Tax Court Rule 3(E). Thus, under the provisions of this rule, a petitioner may have more than thirty days after the filing of its petition to file the record. To that end, Indiana Code § 4–21.5–5–13 and Indiana Tax Court Rule 3(E) conflict.

[10, 11] When a rule of procedure and a statute conflict, the rule will govern.[2] *Ziegler v. Indiana Dep't of State Revenue,* 797 N.E.2d 881, 886 (Ind. Tax Ct.2003) (citing *Jackson v. City of Jeffersonville,* 771 N.E.2d 703, 705 (Ind.Ct.App.2002), *trans. denied*) (footnote added). Conse-

quently, when a taxpayer appeals a final determination of the Indiana Board to this Court, the taxpayer is not subject to the provisions of Indiana Code § 4–21.5–5–13, but rather to the provisions of Indiana Tax Court Rule 3(E).

 The Longs have informed this Court that they requested the agency record from the Indiana Board on April 30, 2004, and that they received notice from the Indiana Board that the record was prepared on June 2, 2004.[3] Pursuant to Indiana Tax Court Rule 3(E), the Longs had thirty days after receiving that notice to file the record with the Court. They filed the record on June 7, 2004—well within the time frame prescribed by Tax Court Rule 3(E).

### CONCLUSION

For the above stated reasons, the Assessor's motion to dismiss is DENIED. A separate opinion, in which the Court will decide the merits of the Longs' appeal, is forthcoming.

SO ORDERED this 12th day of January, 2005.

---

**2.** To be "in conflict," the rule of procedure and the statute must be incompatible to the extent that both could not apply in a given situation. *Ziegler v. Indiana Dep't of State Revenue,* 797 N.E.2d 881, 886 (Ind. Tax Ct.2003) (citing *Jackson v. City of Jeffersonville,* 771 N.E.2d 703, 705 (Ind.Ct.App.2002), *trans. denied*).

**3.** This information was contained in a motion the Longs filed with this Court on June 2, 2004. (*See* Pet'rs Mot. for Extension of Time, ¶ 1,3.) The Assessor has provided no evidence contradicting the information contained in this motion.