**BEDFORD APARTMENTS, An Indiana Limited Partnership, Petitioner,**

v.

**Tammie Harrison JEAN, in her official capacity as Shawswick Township Assessor, Lawrence County, Respondent.**

No. 49T10–0310–TA–51.

Tax Court of Indiana.

March 2, 2006.

Sandra K. Bickel, Joseph D. Calderon, Ice Miller, Indianapolis, for Petitioner.

Marilyn S. Meighen, Meighen & Associates, P.C., Indianapolis, for Respondent.

FISHER, J.

Bedford Apartments, LP (Bedford) appeals the final determination of the Indiana Board of Tax Review (Indiana Board) assessing its real property for the 2001 tax year. The matter is currently before the Court on the Shawswick Township Assessor's (Assessor) motion to dismiss. For the reasons stated below, the Court DENIES the Assessor's motion.

## FACTS AND PROCEDURAL HISTORY

Bedford owns an apartment complex in Shawswick Township, Lawrence County, Indiana. For the March 1, 2001 assessment, the Assessor assigned Bedford's property a value of $1,553,300 ($36,600 for land and $1,516,700 for improvements).

Believing the assessment to be too high, Bedford filed a Form 130 Petition for Review with the Lawrence County Property Tax Assessment Board of Appeals (PTABOA). In its appeal, Bedford asserted that the Assessor had failed to account for the obsolescence present in the property. The PTABOA, however, declined to adjust the assessment. Bedford subsequently filed a Form 131 Petition for Review with the Indiana Board requesting review of the PTABOA's decision. After the Indiana Board conducted an administrative hearing on the matter, it issued a final determination in which it affirmed the PTABOA's decision.

On October 30, 2003, Bedford appealed the Indiana Board's final determination to this Court. On September 10, 2004, after receiving both parties' written briefs, the Court heard their oral arguments. During the oral argument, the Court noted that Bedford had not filed a copy of the agency record (Record) with the Court. The Court continued with the oral argument and took the matter under advisement.

Bedford filed the Record with the Court on September 13, 2004. On September 17, 2004, the Assessor moved to dismiss Bedford's appeal, claiming that because Bedford failed to timely file a copy of the Record pursuant to either the Administrative Orders and Procedures Act (AOPA) or

Indiana Tax Court Rule 3(E), the Court lacks the subject matter jurisdiction to decide the case.[1,2]

The Court conducted a hearing on the Assessor's motion on November 1, 2004. Additional facts will be provided as needed.

## ANALYSIS AND OPINION

■■■ Every action has three jurisdictional elements: 1) jurisdiction of the subject matter; 2) jurisdiction of the person; and 3) jurisdiction of the particular case. *Carroll County Rural Elec. Membership Corp. v. Indiana Dep't of State Revenue,* 733 N.E.2d 44, 47 (Ind. Tax Ct.2000) (citation omitted). The Assessor maintains that because Bedford did not timely file the Record, this Court lacks subject matter jurisdiction over Bedford's appeal and therefore the case must be dismissed. The Court, however, disagrees.

■■■ "Subject matter jurisdiction · is the power of a court to hear and determine the general class of cases to which the proceedings before it belong." *Musgrave v. State Bd. of Tax Comm'rs,* 658 N.E.2d 135, 138 (Ind. Tax Ct.1995). The determination as to whether subject matter jurisdiction exists "depends on whether the type of claim advanced by the petitioner falls within the general scope of authority conferred upon the court by constitution or statute." *Id.*

The general scope of authority conferred upon the Tax Court is governed by Indiana Code § 33–26–3–1. This statute provides that the Tax Court has "exclusive jurisdiction over any case that arises under the tax laws of Indiana and that is an initial appeal of a final determination" made by the Indiana Board. IND. CODE ANN. § 33–26–3–1 (West 2006). Bedford's appeal meets both jurisdictional prerequisites. First, Bedford challenges the assessment of Indiana's property tax. Second, it appeals initially from a final determination of the Indiana Board. Thus, this Court has subject matter jurisdiction over Bedford's appeal.

This Court has held that while the provisions of AOPA apply to Indiana courts of general jurisdiction when they review agency decisions, when it comes to the Tax Court's review of Indiana Board final determinations, Tax Court Rule 3(E) prevails. The Indiana Supreme Court is currently reexamining the issue, however, on interlocutory appeal. *See Wayne County Prop. Tax Assessment Bd. of Appeals v. United Ancient Order of Druids— Grove # 29,* Cause No. 49S10–0412–TA–504 (filed Dec. 6, 2004). The Supreme Court's ruling on the matter, either way, will not affect the outcome of this motion to dismiss.

1. The Administrative Orders and Procedures Act (AOPA) provides that "[w]*ithin thirty (30) days after the filing of the petition ... the petitioner shall transmit to the court the original or a certified copy of the agency record for judicial review of the agency action* [.]" IND. CODE ANN. § 4–21.5–5–13(a) (West 2006) (emphasis added). "Failure to file the record within the time permitted ... is cause for dismissal of the petition for review by the court, on its own motion, or on petition of any party of record to the proceeding." A.I.C. § 4–21.5–5–13(b). In contrast, Indiana Tax Court Rule 3(E) provides

> [i]n original tax appeals [from final determinations of the Indiana Board], the petitioner shall request the Indiana Board [ ] to prepare a certified copy of the agency record within thirty (30) days after filing the petition.... *The petitioner shall transmit a certified copy of the record to the Tax Court within (30) days after having received notification from the Indiana Board [ ] that the record has been prepared.*

Ind. Tax Court Rule 3(E) (emphasis added).

2. The Court notes that on September 30, 2004, in response to the Assessor's motion to dismiss, Bedford filed a motion to supplement the record. Given the Court's decision on the Assessor's motion to dismiss, as well as the fact that the complete record was filed on September 13, 2004, Bedford's motion to supplement the record is now moot.

■ Nevertheless, as the Court stated earlier, every action has three jurisdictional elements. *Carroll County*, 733 N.E.2d at 47. Consequently, because the Court maintains subject matter jurisdiction does not necessarily mean that it has jurisdiction over the particular case. "Jurisdiction over a particular case refers to the 'right, authority, and power to hear and determine a specific case over which a court has subject matter jurisdiction.' " *Id.* at 50 (quoting *Adler v. Adler*, 713 N.E.2d 348, 352 (Ind.Ct.App.1999) (citation omitted)). Both this Court and the Indiana Court of Appeals have held that the timely filing of the agency record goes to jurisdiction over a particular case, not subject matter jurisdiction. *Long v. Wayne Twp. Assessor*, 820 N.E.2d 190, 192–93 (Ind. Tax Ct.2005); *Indiana State Bd. of Health Facility Adm'rs v. Werner*, 841 N.E.2d 1196, 1205 (Ind.Ct.App.2006).

■ "Whether a court has jurisdiction to hear a specific case depends upon the existence of particular facts contained within the case." *Carroll County*, 733 N.E.2d at 50 (citations omitted). Furthermore, the issue of a court's lack of jurisdiction over a particular case must be raised "at the earliest opportunity possible" or it is waived.[3] *Foor v. Town of Hebron*, 742 N.E.2d 545, 549 (Ind.Ct.App.2001) (*quoting City of Marion v. Antrobus*, 448 N.E.2d 325, 329 (Ind.Ct.App.1983)) (footnote added). In this case, the Assessor was able to submit a brief to the Court on the merits of the case, as well as present an oral argument, before the Record was filed or before she even objected. The Court, therefore, denies the Assessor's motion to dismiss: the case has already progressed nearly to the point of completion, despite the procedural error, without any demonstrated prejudice to the Assessor. *See State v. Moore*, 796 N.E.2d 764, 766–67 (Ind.Ct.App.2003) (stating that a motion to suppress was not subject to dismissal, despite the fact that the notice of completion of the clerk's record was not filed within the 30 day timeline, because litigants were not prejudiced), *trans. denied.*

The whole point of procedural time limits is "to move these matters along." *See Indiana Civil Rights Comm'n v. Indianapolis Newspapers, Inc.*, 716 N.E.2d 943, 947 (Ind.1999). Because there has been no ascertainable delay caused by Bedford's error, this Court cannot say that dismissing the appeal is a proper balance of procedure against the administration of justice:

> [a]lthough our procedural rules are extremely important, it must be kept in mind that they are merely a means for achieving the ultimate end of orderly and speedy justice. We must examine our technical rules closely when it appears that invoking them would defeat justice; otherwise we become slaves to the technicalities themselves and they acquire the position of being the ends instead of the means.

*Am. States Ins. Co. v. Indiana ex rel. Jennings*, 258 Ind. 637, 283 N.E.2d 529, 531 (1972).

## CONCLUSION

For the above stated reasons, the Assessor's motion to dismiss is DENIED. Consequently, the Court will decide the merits of Bedford's appeal in a forthcoming opinion.

---

3. Typically, "the earliest opportunity possible" is in a Trial Rule 12(B)(6) motion. *Foor v. Town of Hebron*, 742 N.E.2d 545, 549–50 (Ind.Ct.App.2001). *See also Harp v. Indiana Dep't of Highways*, 585 N.E.2d 652, 659–60 (Ind.Ct.App.1992).