ATTORNEYS FOR APPELLANT
Stephen Carter
Attorney General

Andrew W. Swain
Special Counsel

John D. Snethen
Amber Merlau St. Amour
Deputy Attorney Generals
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Stephen H. Rabe
Richmond, Indiana

ATTORNEYS FOR AMICUS CURIAE
TAXATION SECTION OF THE INDIANA
STATE BAR ASSOCIATION
Larry J. Stroble
Randal J. Kaltenmark
Indianapolis, Indiana

ATTORNEY FOR AMICUS CURIAE
TAX CONSULTANTS, INC.
Timothy J. Vrana
Columbus, Indiana

In the

# Indiana Supreme Court

No. 49S10-0412-TA-504

WAYNE COUNTY PROPERTY TAX
ASSESSMENT BOARD OF APPEALS,

*Appellant (Respondent below),*

v.

UNITED ANCIENT ORDER OF DRUIDS-
GROVE #29,

*Appellee (Petitioner below).*

Appeal from the Indiana Tax Court, No. 49T10-0406-TA-25
The Honorable Thomas G. Fisher, Judge

On Petition for Interlocutory Appeal

**May 18, 2006**

**Boehm, Justice.**

We hold that Indiana Tax Court Rule 3 and the provisions of the Administrative Orders
and Procedures Act ("AOPA") governing the timing for filing the agency record in appeals of

property tax assessments do not conflict. AOPA provides that filing of the record to permit judicial review of an agency action is timely if, among other things, the court allows an extension of the time provided by AOPA. We conclude that a filing in compliance with Tax Court Rule 3 is within "further time allowed by the court" as AOPA contemplates.

## Facts and Procedural Background

On May 28, 2004, the United Ancient Order of Druids-Grove #29 ("Druids") appealed a property tax assessment to the Indiana Tax Court. Druids' petition contained a request that the Indiana Board of Tax Review ("IBTR") prepare the agency record in accordance with subsections (B)(7) and (E) of Tax Court Rule 3. The Wayne County Property Tax Assessment Board of Appeals ("PTABOA") moved to dismiss Druids' appeal on the ground that the record was filed outside the time provided by AOPA and therefore the Tax Court had no jurisdiction. Druids responded that Tax Rule 3(E) governed filing of the record and that the time to file under Rule 3(E) had not yet expired. The Tax Court held that to the extent AOPA and Tax Court Rule 3(E) conflict, the Rule prevails and therefore the time for filing the agency record was governed by Rule 3(E). See also Long v. Wayne County Prop. Tax Assessment Bd. of Appeals, 820 N.E.2d 190, 193 (Ind. Tax Ct. 2005), trans. denied (reaching the same conclusion). That order was certified for interlocutory appeal and we granted PTABOA's petition for review in an unpublished order.

## Standard of Review

Indiana Code section 33-26-6-2(a) (2004) provides "If a taxpayer fails to comply with any statutory requirement for the initiation of an original tax appeal, the tax court does not have jurisdiction to hear the appeal." One "statutory requirement" is that appeals of property tax assessments are now governed by AOPA. See also Miller Vill. Prop. Co. LLP v. Ind. Bd. of Tax Review, 779 N.E.2d 986, 990 (Ind. Tax Ct. 2002), trans. denied (taxpayer's failure to name correct party as required by AOPA deprived Tax Court of jurisdiction of the case). The timing of filing the agency record implicates neither the subject matter jurisdiction of the Tax Court nor personal jurisdiction over the parties. Rather, it is jurisdictional only in the sense that it is a statutory prerequisite to the docketing of an appeal in the Tax Court. That issue is properly

2

raised by means of a motion under Rule 12(B)(1) for lack of jurisdiction or 12(B)(6) for failure to state a claim, depending on whether the claimed defect is apparent on the face of the petition.

The standard of appellate review of rulings on motions to dismiss on jurisdictional grounds depends on whether the trial court resolved disputed facts, and if so, whether the trial court conducted an evidentiary hearing or ruled on a paper record. GKN Co. v. Magness, 744 N.E.2d 397, 401 (Ind. 2001). We review de novo a ruling on a motion to dismiss for lack of jurisdiction if the facts are not disputed or, as here, the court rules on a paper record. Id.

### I. The Interplay of Tax Court Rule 3(E) and Indiana Code section 4-21.5-5-13

Effective January 1, 2002, the Indiana General Assembly substantially revised the Indiana statutes governing appeal of property tax assessments. Among the revisions was a provision that appeal to the Tax Court of a property tax assessment is now governed by AOPA. Ind. Code § 6-1.1-15-5(b). Indiana Tax Court Rule 3 was amended in 2001. As a result of these changes, some have seen a conflict between the time required by AOPA and Tax Court Rule 3 for a party initiating a property tax appeal to file the administrative record. This issue has arisen in a number of cases, and we granted review to resolve it.[1]

All parties agree that the Tax Court's power to hear this appeal turns on the interplay between the filing requirement of Tax Court Rule 3(E) and section 13 of AOPA. Tax Court Rule 3(E) provides:

> Filing the record for judicial review. In original tax appeals . . . the petitioner shall request the Indiana Board of Tax Review to prepare a certified copy of the agency record within thirty (30) days after filing the petition . . . The petitioner shall transmit a certified copy of the record to the Tax Court within thirty (30) days after having received notification from the Indiana Board of Tax Review that the record has been prepared.

Section 13 of AOPA provides in relevant part:

> (a) Within thirty (30) days after the filing of the petition, or within further time allowed by the court or by other law, the petitioner shall transmit to the court

---

[1] See, e.g., Bedford Apartments v. Shawswick Twp. Assessor, 843 N.E.2d 78, 80 n.1 (Ind. Tax Ct. 2006); Long, 820 N.E.2d at 193; Shelby St. Realty Corp. v. Perry Twp. Assessor, 2004 Ind. Tax LEXIS 32, *7 n.4 (Ind. Tax Ct. Apr. 26, 2004).

the original or a certified copy of the agency record for judicial review of the agency action . . .

(b) . . . Failure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is cause for dismissal of the petition for review by the court, on its own motion, or on petition of any party of record to the proceeding.

I.C. § 4-21.5-5-13.  The parties disagree as to whether the Rule and statute are compatible, and those who find them consistent with each other disagree as to their meaning.  Specifically, PTABOA argues that Rule 3(E) and section 13 can be read harmoniously and require a record to be filed within the thirty days following the filing of the petition.  The Taxation Section of the Indiana Bar Association, as amicus curiae, agrees that the Rule and the statute can be read harmoniously, but contends that they permit filing thirty days after the IBTR gives notice that the record is complete.  Druids and amicus Tax Consultants argue that the Rule and statutory provision conflict and that the Rule trumps the statutory provision.  Druids also argue in the alternative that even if the statutory provision governs, they are in compliance with it and the Tax Court has jurisdiction.

PTABOA argues that conflict between the two can be avoided by reading the first sentence of Rule 3(E) to require IBTR to prepare the record within thirty days of the petitioner's filing of its petition and by reading section 13 to require the petitioner to file the record within that time.  PTABOA reaches this conclusion by reading "within thirty (30) days" in the first sentence of Tax Court Rule 3(E) as applying to the action of IBTR and not the action of the petitioner.  We do not agree with this reading of Rule 3(E).  By its terms Rule 3(E) requires the petitioner to file the record within thirty days of receiving notice from IBTR that it is prepared, whenever that might be.  Nothing in the Rule requires IBTR to prepare the record within thirty days, and the Rule cannot be reconciled with the statute by reading both to require a record to be filed within thirty days after the IBTR rules.

Section 13(a) provides that filing of the agency record is timely if it occurs in one of three ways:  (1) within the initial thirty days following the filing of the petition for judicial review; (2) "within further time allowed by the court;" or (3) within further time allowed by "other law."  Druids filed the IBTR record in the Tax Court on October 8, approximately four months after they filed their petition for review, and only then did Druids request the Tax Court to extend the

4

time for filing the record. All parties agree that both the record and the motion for more time were filed more than thirty days after the petition for review. The Tax Court's discretion to grant extensions of time in an individual case is limited. It is well settled that a reviewing court may grant a request for an extension under section 4-21.5-5-13 of AOPA only if the request is made during the initial thirty days following the filing of the petition for review or within any previously granted extension. Ind. State Bd. of Educ. v. Brownsburg Cmty. Sch. Corp., 813 N.E.2d 330, 333 (Ind. Ct. App. 2004); Clendening v. Ind. Family & Soc. Servs. Admin., 715 N.E.2d 903, 904 (Ind. Ct. App. 1999); Park v. Med. Licensing Bd., 656 N.E.2d 1176, 1179 (Ind. Ct. App. 1995), trans. denied; Crowder v. Rockville Training Ctr., 631 N.E.2d 947, 948 (Ind. Ct. App. 1994), trans. denied; Indianapolis Yellow Cab, Inc. v. Ind. Civil Rights Comm'n, 570 N.E.2d 940, 942-43 (Ind. Ct. App. 1991), trans. denied. Druids first moved for an extension of time in which to file the agency record almost four months after they filed their petition for judicial review. The Tax Court did not rule on the motion. We agree that this motion could not have been granted if the time had already expired. However, as explained below, we do not agree that the time had expired before Druids filed their record.

The Taxation Section of the Indiana Bar Association, as amicus curiae, argues that Rule 3(E) is "other law," allowing additional time to file the record. This contention proceeds from the generally valid premise that rules of this Court have the force and effect of law and are binding upon courts and parties. See, e.g., Eggers v. Wright, 253 Ind. 44, 47, 245 N.E.2d 331, 334 (Ind. 1969); State ex rel. Spelde v. Minker, 244 Ind. 421, 422, 193 N.E.2d 365, 365 (Ind. 1963); McCrary v. State, 241 Ind. 518, 534, 173 N.E.2d 300, 307 (Ind. 1961). This Court is empowered to adopt rules of procedure for all Indiana courts, including the Tax Court. See I.C. § 34-8-1-3 ("The supreme court has authority to adopt, amend, and rescind rules of court that govern and control practice and procedure in all the courts of Indiana"). Although rules of court may be "law" for many purposes, the definitions section of AOPA, Indiana Code section 4-21.5-1-7, defines "law" as "the federal or state constitution, any federal or state statute, a rule of an agency, or a federal regulation." Rules of a court, including Rule 3(E), are not any of these, so we do not agree that the "other law" provision accomplishes what the amicus argues.

Although we do not find the "other law" provision to encompass court rules, we also do not believe that by its statutory definition of "other law," the General Assembly intended to pre-

5

clude a court promulgated rule from providing time in addition to that afforded by AOPA. AOPA provides a set of default procedural rules applicable to judicial review of a wide variety of administrative actions. AOPA's provision for "other law" in section 13 recognizes that there may be a need to tailor the default rules to meet the need of a particular administrative agency. Similarly, the statute expressly authorizes the reviewing court to extend its time limits. A filing is timely if within the "further time allowed by the court." We see no reason why "further time" could not be "allowed" by rule applicable to categories of cases, given that it can be done by order in individual cases.

The common purpose of both section 13 and Rule 3(E) is to ensure that property tax appeals proceed in an efficient, speedy manner and to ensure that the Tax Court has access to the record before rendering its decision. Rule 3(E) recognizes the reality that the sheer volume of property tax appeals may make it impossible for IBTR to prepare a certified record within thirty days of the filing of a petition, particularly because periodic property tax general reassessments can trigger a large volume of concurrent appeals. Although a petitioner can request an extension of time in which to file the agency record, Rule 3(E) provides a practical solution to the problem of very high volume and peak loads triggered by reassessment. If, as a practical matter, more time to procure the record will be required in the vast majority of cases, requiring the petitioner to move the court for an extension of time would virtually always be needed. Placing the provision in a generally applicable rule avoids unnecessary work for the Tax Court and unneeded expense for the parties. In sum, a court rule providing for time in addition to that permitted by AOPA is authorized by AOPA, and presents no conflict with the statute. A filing in compliance with Tax Court Rule 3(E) is timely and confers Tax Court jurisdiction over the appeal.

## II. Druids' Compliance with Tax Rule 3(E)

The parties dispute whether Druids complied with Rule 3(E). The Rule requires the petitioner to file the record within thirty days of receiving notification from IBTR that the record is prepared.[2] PTABOA claims that IBTR notified Druids on July 19 that the record was prepared, so the time for filing under Rule 3(E) expired on August 18, and therefore that Druids' October 8

---

[2] Rule 3(E) also requires the petitioner to request IBTR to prepare the record within the thirty days immediately following the filing of the petition for judicial review. The parties agree that Druids requested IBTR to prepare the record within this thirty day period.

6

filing was not timely under Rule 3(E). In support of its argument, PTABOA submitted the affidavit of Nickita Brewer, the administrative assistant at IBTR. Ms. Brewer states that she sent an invoice to Druids' attorney on July 19. The invoice, titled "Invoice for the Preparation of the Administrative Record," states "This invoice represents a breakdown of charges to be paid in the event a record is requested. Charges will be due up[on] receipt of the record if a record is requested." The invoice reflects that the cost of a transcript of the agency proceedings is $175.90, that the total balance due from Druids is $125.90, and that Druids have a $50 credit for a check received by IBTR from Druids on July 7. At the hearing on PTABOA's motion to dismiss, Druids stated that they never received the invoice.

Without resolving whether or not Druids received the invoice, the Tax Court ruled as a matter of law that the invoice was insufficient to provide the notice contemplated by Rule 3(E) because it did not state that the record was prepared. PTABOA cites the Tax Court's earlier decision in Keag Family Limited Partnership v. Indiana Board of Tax Review, 2004 Ind. Tax LEXIS 62, *3-4 (Ind. Tax Ct. July 26, 2004) for the proposition that a billing invoice constitutes adequate notice under Rule 3(E). But in Keag, the package IBTR mailed to the taxpayer contained not only a billing invoice, but a copy of the prepared record. Id. at *4. IBTR published a policy document, effective August 24, 2004, which outlines the procedures IBTR will follow when an agency record is requested for purposes of initiating appeal of a property tax assessment. It provides that the petitioner must submit $50 with the request and that the $50 payment will be deducted from the balance due when the agency record is delivered to the petitioner. It also provides that "upon completion of the agency record the [petitioner] will be notified as to when the agency record may be picked up and the total balance due for its preparation. The balance due must be paid to the IBTR prior to the agency record being released to the [petitioner]." This procedure seems sufficient to provide adequate notice to petitioners under Rule 3(E). However, in this case, IBTR did not follow this policy. The invoice did not tell Druids that the record was complete, did not include the completed record, and did not provide a date on which the record could be picked up. Accordingly, as the Tax Court ruled, Druids first received notice that the record was complete in the course of a September 27 hearing on PTABOA's motion to dismiss. Druids complied with Rule 3(E) by filing the prepared record less than thirty days later, on October 8.

7

**Conclusion**

The order of the Tax Court is affirmed.  This case is remanded for resolution on the merits.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ. concur.