# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**MATTHEW LANGENBACHER**
Indianapolis, Indiana



FILED
Dec 31 2012, 11:25 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

INDIANA PUBLIC EMPLOYEE ) 
RETIREMENT FUND, ) 
) 
    Appellant-Respondent, ) 
) 
        vs. )    No.  49A04-1201-MI-2
) 
PAUL BRYSON, ) 
) 
    Appellee-Petitioner. ) 

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Michael D. Keele, Judge
Cause No. 49D07-1103-MI-011706

**December 31, 2012**

**OPINION ON REHEARING - FOR PUBLICATION**

**ROBB, Chief Judge**

Indiana Public Employee Retirement Fund ("PERF") petitions this court for rehearing of our opinion dated October 9, 2012. In that opinion, we affirmed the trial court's order concluding that Paul Bryson was entitled to Class 1 impairment disability benefits because Bryson was determined to have a "covered impairment" that was "the direct result of . . . [a] personal injury that occur[ed] while the fund member [was] on duty." Ind. Pub. Emp. Ret. Fund v. Bryson, 977 N.E.2d 374, 379 (Ind. Ct. App. 2012). We grant rehearing for the purpose of addressing an issue raised by PERF in its petition, but we affirm our original opinion.

PERF contends "there is no medical evidence to support a finding that Bryson's on-duty injuries created an impairment." Appellant's Petition for Rehearing at 1. This is merely a rephrasing of PERF's argument on direct appeal—that Bryson is impaired due to a pre-existing condition, degenerative disc disease, rather than due to any on-duty injuries. We specifically concluded that:

> a fund member who was able to perform his job duties before an on-duty injury despite having a pre-existing condition or health issue that preceded the on-duty injury, and who becomes unable to perform his job duties only after sustaining an on-duty injury, has an impairment that is the "direct result" of the physical injury or injuries sustained while on duty. This is so even if the on-duty injury created an impairment by exacerbating a pre-existing condition, so long as the pre-existing condition did not previously prevent the fund member from performing his or her job duties.

Bryson, 977 N.E.2d at 379. We decline PERF's invitation to reexamine this issue.

PERF also raises another argument which it did not raise in its appellate brief: that Bryson was not actually prevented from performing his job duties after his on-duty injuries, but rather, that he was considered disabled as a preventative measure due to his

pre-existing condition. The problem with this argument is that he was found to have a "covered impairment" for the purposes of Indiana Code section 36-8-8-12.3, which is defined as "an impairment that permanently or temporarily makes a fund member unable to perform the essential function of the member's duties." Thus, even if some medical reports seem to support PERF's argument, this finding, which is the foundation of the entire issue of whether his disability was Class 1 or Class 2, demonstrates otherwise. Further, the finding that Bryson had a covered impairment is not an issue PERF contested on appeal. We therefore affirm our original opinion.

BAKER, J., concurs.

BRADFORD, dissents.