# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**MATTHEW M. PRICE**
**SHANNON D. LANDRETH**
Bingham Greenbaum Doll, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELIZABETH ROGERS**
Deputy Attorney General
Indianapolis, Indiana



FILED
Apr 26 2013, 8:24 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

LEBAMOFF ENTERPRISES, INC.,    )
   )
   Appellant-Petitioner,    )
   )
   vs.    )    No. 49A02-1210-MI-826
   )
INDIANA ALCOHOL & TOBACCO    )
COMMISSION,    )
   )
   Appellee-Respondent,    )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable John F. Hanley, Judge
The Honorable Christopher Haile, Magistrate
Cause No. 49D11-1202-MI-8272

**April 26, 2013**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Lebamoff Enterprises, Inc. ("Lebamoff"), appeals the trial court's dismissal of its petition for judicial review. Lebamoff raises three restated issues for our review: 1) whether the trial court erred in dismissing Lebamoff's petition for failure to file the agency record in a timely fashion; 2) whether, excluding the agency record, Lebamoff submitted sufficient materials for judicial review; and 3) whether deficiencies in the administrative law judge's ("ALJ") findings of fact require that the case be remanded. Concluding that Lebamoff did fail to timely file the agency record, but that the original submission contained sufficient material to enable judicial review, we reverse and remand.

## Facts and Procedural History

Lebamoff is an Indiana corporation that operates liquor stores in northern Indiana and holds a liquor dealer permit, the scope of which is detailed at Indiana Code section 7.1-3-10-7. Beginning in 2008, the Indiana Alcohol and Tobacco Commission ("ATC") issued six citations to Lebamoff alleging violations of its permit, stemming from Lebamoff's use of common carriers to transport product to customers for sales generated through fulfillment companies.

Lebamoff appealed the citations. Following a hearing in November 2011, the ALJ issued findings of fact and conclusions of law on January 18, 2012, concluding that Lebamoff had violated the statute by using common carriers. The ALJ recommended that Lebamoff be fined one thousand dollars for each violation and that Lebamoff's permit be suspended for sixty days, with the suspension to be deferred for one year on the condition that all fines were paid and Lebamoff did not accrue any further violations

2

during the deferral period. The ATC approved the recommendations and issued its final order on February 7, 2012.

On February 29, 2012, Lebamoff filed a petition for judicial review, appealing the ATC's final order. On March 28, 2012, the ATC filed its answer, and on April 10, 2012, the ATC filed a motion to dismiss for failure to file an agency record. On May 17, 2012, Lebamoff received and filed the certified agency record. On June 29, 2012, the trial court held a hearing on the motion to dismiss. On September 20, 2012, the trial court granted the ATC's motion to dismiss. This appeal followed. Additional facts will be provided as necessary.

## Discussion and Decision

### I. Standard of Review

Judicial review of administrative decisions is governed by the Administrative Orders and Procedures Act ("AOPA"). Ind. Code § 4-21.5-2-0.1. The standard of appellate review for motions to dismiss depends on whether the trial court resolved disputed facts, and if so, whether there was an evidentiary hearing. Wayne Cnty. Prop. Tax Assessment Bd. of Appeals v. United Ancient Order of Druids-Grove No. 29, 847 N.E.2d 924, 926 (Ind. 2006). Where, as here, the trial court ruled on a paper record, we review the motion to dismiss de novo. Id.

### II. Submission of Agency Record

The issue here revolves around Lebamoff's failure to, within thirty days of filing its petition for review, either file the agency record or file a motion for extension of time in which to file the record. The AOPA requires that "[w]ithin thirty (30) days after the filing of the petition, or within further time allowed by the court or by other law, the

3

petitioner shall transmit to the court the original or a certified copy of the agency record for judicial review of the agency action . . . ." Ind. Code § 4-21.5-5-13(a). A petitioner can request an extension of time in which to file the agency record, but that request must be made within the initial thirty day window, and nunc pro tunc extensions are not allowed. Ind. Family & Soc. Servs. Admin. v. Meyer, 927 N.E.2d 367, 370-71 (Ind. 2010). The AOPA further provides that extensions of time shall be granted where good cause is shown, and that an "[i]nability to obtain the record from the responsible agency within the time permitted by this section is good cause." Ind. Code § 4-21.5-5-13(b). The ATC concedes that, had Lebamoff filed for an extension of time, the court would have granted it, because the agency record was not made available to Lebamoff until nearly three months after Lebamoff's petition was filed.

However, no extension of time was granted by the court because Lebamoff never officially requested one. Lebamoff contends that while it did not file a motion for extension of time, it followed the spirit of the statute by including in its petition a statement that it would, to comply with Indiana Code section 4-21.5-5-13, transmit the agency record within thirty days after having received notification that the ATC had prepared the record. Lebamoff notes that the ATC did not object to this proposal in its answer. Lebamoff argues that its inclusion of this proposal within the petition, rather than as a separate motion, advances judicial efficiency by obviating the need to file serial extensions of time while waiting for the record to be prepared, and therefore that dismissal of its petition raises form above function. Lebamoff further argues that there is a "clear intent for automatic extensions when a petitioner does not even have the administrative record to file." Reply Brief of Appellant at 5.

4

We disagree that the legislature's intention was to permit automatic extensions. The clear language of the statute provides that an extension must be granted by the court or other law in order for a petitioner to transmit the agency record more than thirty days after filing a petition. Ind. Code § 4-21.5-5-13. Had the legislature intended to grant automatic extensions where the agency has delayed in preparing the record, or to have transmission of the record be due based on the date that the record was prepared by the agency, rather than the filing date of the petition, it could have done so. See Ind. Tax Court Rule 3(E) (allowing transmission of the agency record within thirty days after petitioner receives notice that the record has been prepared); see also Ind. Pub. Emp. Ret. Fund v. Bryson, 977 N.E.2d 374, 377 (Ind. Ct. App. 2012) ("Where the language of the statute is clear and unambiguous, there is nothing to construe."), aff'd on reh'g, 983 N.E.2d 172 (Ind. Ct. App. 2012). Requiring a petitioner to request and be granted an extension leaves it in the court's hand to determine whether good cause has been shown.

As for judicial efficiency, we agree that minimizing superfluous motions is generally desirable. However, we do not agree that filing for an extension in this case would necessarily have been inefficient. In fact, in light of the proceedings that have ensued—which could have been avoided if Lebamoff had filed for an extension—it seems that the opposite is true. Viewed narrowly, we understand Lebamoff's argument that requesting an extension here could be seen as wasteful, when a submission timeline was proposed in the petition and when any extension request would have been granted for good cause based on the ATC's delay in preparing the record.[1] However, taking a larger

---

[1] Lebamoff's petition in part cites to Wayne Cnty, 847 N.E.2d 924, for the proposition that serial extensions create additional work and cost for the court and parties. However, that case involved Indiana Tax Court Rule 3(E), which fell under the "allowed . . . by other law" exception within the AOPA, and allows petitioners in tax

view, the more efficient tactic is to simply request an extension. Doing so provides a record for the court and all parties as to what has been requested, what has been granted, and what deadlines have been set. Under Lebamoff's scheme of including a proposal in the petition, rather than filing for an extension, the court and parties must read through the entire petition and other filings to see whether an extension has been "requested," then look to see whether the other party has objected to it in some way, and if it has not, then to apparently assume that an indefinite extension has been "granted" by the court. It is neither efficient nor fair to require the court and other parties to sift through the petition and other filings and guess at how they might be substituting for various other requests and motions. Lebamoff did not file the agency record within thirty days, nor did it request an extension of time. Failure to do so was an acceptable basis for dismissal of the case. See Ind. Code § 4-21.5-5-13(b).

We note here that we are unimpressed with the ATC's delay in preparing the record, followed by a motion to dismiss the case for Lebamoff's failure to timely file that same record. The ATC acknowledges that Lebamoff included a proposed timeline for submission in its petition, and both parties agree that Lebamoff would have been granted an extension for filing the record if one had been requested. It seems harsh and unnecessary for the ATC to use a procedural requirement this way, when the deadline only came into play because of the ATC's delay in preparing the record. While, as outlined above, the filing of a request for extension plays a valuable role in the larger context and moreover is required by the statute, the ATC was hardly being harmed by a

---

court to do just what Lebamoff tried to do here. Ind. Code § 4-21.5-5-13(a); <u>Wayne Cnty</u>, 847 N.E.2d at 928. It was not within Lebamoff's power to apply that rule to its case, which was not before the tax court.

6

delay in filing the record where the ATC itself was the cause of that delay. We believe the onus was on Lebamoff to file an extension, but the actions of the ATC here are of the sort that would begin to lend support to concerns that the AOPA could in some cases be a "trap" for unwary litigants. See Mosco v. Ind. Dep't of Child Servs., 916 N.E.2d 731, 735 (Ind. Ct. App. 2009), trans. denied.

III. Sufficiency of Original Submission

Despite the fact that dismissal was possible due to Lebamoff's failure to timely file the record or request an extension of time, our review is de novo, and dismissal was not mandatory. See Reedus v. Ind. Dep't of Workforce Dev., 900 N.E.2d 481, 487 (Ind. Ct. App. 2009) (concluding that in drafting the AOPA the legislature intended to "empower, but not require, a trial court to dismiss an appeal" when a petitioner failed to strictly comply with Indiana Code section 4-21.5-5-13) (emphasis in original). If extensions of time may not be granted if not requested within the initial thirty-day window, and nunc pro tunc extensions are not allowed, but dismissal is not required where a petitioner fails to timely file the record or request an extension, then there must be some—likely limited—ways in which a case can move forward even without a timely record being filed. One way perhaps would be to accept a belated record even where an official extension has not been granted. In our own court of appeals, briefs and records are sometimes accepted late even without an express grant of extension, because the filing of briefs and records is not jurisdictional, unlike the filing of a notice of appeal. Additionally, "Indiana law strongly prefers disposition of cases on their merits." Coslett v. Weddle Bros. Constr. Co., Inc., 798 N.E.2d 859, 861 (Ind. 2003). As with records

7

filed in appeals to our court, our supreme court has held that the filing of the record in an administrative review case is not jurisdictional.  Wayne Cnty., 847 N.E.2d at 926.

We recognize that our supreme court was recently evenly divided on the issue of whether a trial court may proceed with a case where the agency record was not timely filed, but the submitted materials contained sufficient facts on which a determination could be made.[2]  Meyer, 927 N.E.2d 367.  Indiana Code section 4-21.5-5-13(a) provides an overview of the document types that should be included in the agency record that the petitioner files with the reviewing court, including "any other material" described in that article for the type of action at issue.  Indiana Code section 4-21.5-3-33 details some of the specific documents of which the agency record should consist.  While generally, submitting only selected documents is insufficient to comply with the requirements of the AOPA, we have acknowledged in the past that providing less than all of the listed documents may nonetheless be sufficient for judicial review, depending on the particular case at hand.  See Meyer, 927 N.E.2d at 371 (citing cases).

In Meyer, the appealed issue was a question of fact revolving around the valuation of some property.  In that case, the agency admitted to error in its answer.  Two of the participating justices determined that, in light of the agency's admission, the submitted documents were sufficient for review even without the full agency record.  Id. at 372.  The other two participating justices disagreed, arguing that an agency record is required for judicial review, and that holding otherwise would lead to future contests over whether a submitted record is "complete enough" for review.  Id. at 374.  Further, the disagreeing

---

[2] Justice Sullivan did not participate in the decision, and the remaining four justices were evenly split on the outcome of this issue.

justices noted that in that particular case, if the court dismissed the case, the case would nonetheless be reviewed by a Medicare county office and thus that the petitioner would "receive all the further consideration to which the Court says she is entitled." Id. It is not clear to what extent that fact influenced the decision of the disagreeing justices, and whether they would have held differently had their decision been the end of the line for that petitioner.

This case is somewhat different from Meyer, in that the question at issue here—whether Lebamoff's use of common carriers complies with the requirements of the statute—is a pure question of law. To the extent that any facts were necessary, they were included in the sparse findings of fact and conclusions of law written by the ALJ, which were submitted by Lebamoff with its petition; for example, the findings of fact noted that Lebamoff held a liquor permit, and the statutory section under which that permit was held. Because the question here is a question of law regarding the interpretation of the statute as it concerns use of common carriers, and there were no disputed facts, the limited findings of the ALJ were sufficient to allow judicial review of the issue, even in the absence of the agency record.

The ATC argues that Lebamoff's submission was insufficient without the agency record, but points to nothing in the record that would be required for review. The ATC mentions transcripts of the ALJ hearing and copies of excise police citations, but does not indicate how these documents would have aided judicial review on a question of law. We agree that the best practice is to timely file the entire agency record regardless of the nature of the case. However, here, the record simply was not necessary for review, and the submitted materials are sufficient to permit review of the case on the merits. Failure

to timely file the record is "cause for dismissal" under Indiana Code section 4-21.5-5-13, but cause for dismissal does not mean that the case must be dismissed, especially where, as here, the record was not required for a ruling. For that reason, we reverse and remand the case for resolution on the merits.

### IV. ALJ's Findings of Fact

Lebamoff finally argues that the dearth of facts in the ALJ's findings of fact and conclusions of law render the order so deficient that this case should be remanded back to the ATC to address those deficiencies. Were this a case that required facts for its resolution, we would likely be inclined to agree with Lebamoff, as deficient findings of fact can render the matter unreviewable by a court, and the ALJ's findings here were severely limited. See Pack v. Ind. Family & Soc. Servs. Admin., 935 N.E.2d 1218, 1227-28 (Ind. Ct. App. 2010) aff'd on reh'g, 940 N.E.2d 369 (Ind. Ct. App. 2011). Given our resolution of the record issue above, we conclude here that the limited facts included in the order are sufficient for the question of law at hand, and do not render the order impermissibly deficient.

### Conclusion

Concluding that Lebamoff did not meet the timing requirements of the AOPA with regard to filing of the agency record, but that the materials submitted with the petition were sufficient for judicial review of the question of law at issue, we reverse and remand to the trial court for resolution of the issue on the merits.

Reversed and remanded.

VAIDIK, J., concurs.

KIRSCH, J., dissents with opinion.

10

# IN THE
# COURT OF APPEALS OF INDIANA

LEBAMOFF ENTERPRISES,        )
                                         )

    Appellant-Petitioner,       )
                                         )

        vs.               )     No. 49A02-1210-MI-826
                                         )

INDIANA ALCOHOL & TOBACCO    )
COMMISSION,                   )
                                         )

    Appellee-Respondent.     )

**KIRSCH, Judge, *dissenting*.**

I respectfully dissent.

The Administrative Orders and Procedures Act as adopted by our General Assembly is the *exclusive* means for judicial review of an administrative action. Ind. Code § 4-21.5-5-1. It provides that

> *Within thirty (30) days* after the filing of the petition, or within further time allowed by the court or by other law, *the petitioner shall transmit* to the court the original or a certified copy of *the agency record* for judicial review of the agency action.

Ind. Code § 4-21.5-5-13(a) (emphasis added).

In the event that the agency record cannot be filed within the allotted thirty-day time period, the Act provides that "[a]n *extension of time* in which to file the record *shall be granted* by the court *for good cause shown.* Ind. Code § 4-21.5-5-13(a) (emphasis added). Specifically included within "good cause" sufficient to secure an extension of time is the "[*i*]*nability to obtain the record from the responsible agency within the time permitted by this section is good cause.*" *Id.*

11

Finally, the Act states that *failure to file the record* within the time permitted by this subsection, including any extension period ordered by the court, *is cause for dismissal. Id.*

The mandates of the Administrative Orders and Procedures Act as adopted by our General Assembly are clear. The Appellant simply failed to follow them. It failed to file the agency record within the time period set forth in the Act, and it failed to seek an extension of that time. That failure was cause for dismissal, and accordingly, I would affirm the trial court's dismissal.