

FILED

Jun 24 2013, 5:43 am

CLERK
of the supreme court,
court of appeals and
tax court

## FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**ANDREW P. SIMMONS**
Van Gilder & Trzynka, P.C.
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE
ALLEN COUNTY BOARD OF
ZONING APPEALS:

**ROBERT W. EHERENMAN**
Haller & Colvin, P.C.
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL HOWARD, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1301-PL-27 |
| | ) | |
| ALLEN COUNTY BOARD OF ZONING, | ) | |
| APPEALS and ALVIN SCHMUCKER, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Stanley A. Levine, Judge
Cause No. 02D01-1208-PL-269

**June 24, 2013**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Petitioner Michael Howard appeals the trial court's dismissal of his petition for judicial review of the decision by Appellee-Respondent the Allen County Board of Zoning Appeals ("the Board") to grant a use variance for property owned by Appellee-Respondent Alvin Schmucker. The trial court determined that it lacked jurisdiction to hear the case because Howard failed to timely file the board record or timely request an extension of the filing deadline. Because the timing of filing the board record does not implicate matters of jurisdiction, we conclude that the trial court's determination was clearly erroneous. But, because we interpret Indiana Code section 36-7-4-1613 to require dismissal where no materials supporting judicial review of the petitioner's claim are timely filed and an extension of the filing deadline is not timely requested, we affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

On July 19, 2012, the Board approved a use variance for Schmucker's property, allowing him to operate a tire repair business in an Agricultural Zoning District. On August 17, 2012, Howard, a nearby property owner, petitioned for judicial review of the Board's decision. In his petition, Howard argued that Schmucker presented insufficient evidence of "unnecessary hardship" and "condition peculiar to the property" as required by Indiana's variance approval statute. Ind. Code § 36-7-4-918.4.

On August 27, 2012, pursuant to Indiana Code section 36-7-4-1613, Howard requested that the Board produce a certified record of all materials relevant to its decision. The Board responded by immediately hiring an outside firm to prepare a transcript of the

public hearing and business meeting on Schmucker's use variance application. Howard acknowledged that he had until September 17, 2012, thirty days after filing his petition, to file the board record or request an extension of the filing deadline. As of September 17, 2012, neither the record nor an extension request had been submitted.

On September 25, 2012, Schmucker filed a motion to dismiss based on Howard's failure to timely file the board record. On September 26, 2012, Howard belatedly moved for an extension of the filing deadline. The Board filed an objection to Howard's motion for an extension and joined Schmucker's motion to dismiss.

On October 1, 2012, Howard filed an amended petition for judicial review. Howard's amended petition was identical to the original, except that it sought a thirty-day extension to file the board record. On October 9, 2012, the trial court denied Howard's original motion for an extension, and the Board filed an objection to the amended petition the following day. When the record was completed, the Board's attorney sent it to Howard, who finally filed it with the court on October 12, 2012. On December 13, 2012, the trial court held a hearing on Schmucker's motion to dismiss and the Board's objection to Howard's amended petition. On December 20, 2012, the trial court dismissed Howard's petition with prejudice, holding that it lacked jurisdiction to hear Howard's petition due to his failure to timely file the board record or timely request an extension of the filing deadline.

## DISCUSSION AND DECISION

Howard argues that the trial court committed clear error in dismissing his petition based on lack of jurisdiction. "The standard of appellate review of rulings on motions to

3

dismiss on jurisdictional grounds depends on whether the trial court resolved disputed facts, and if so, whether the trial court conducted an evidentiary hearing or ruled on a paper record." *Wayne Cnty. Prop. Tax Assessment Bd. of Appeals v. United Ancient Order of Druids-Grove No. 29*, 847 N.E.2d 924, 926 (Ind. 2006) (citing *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind. 2001)). Where, as here, the facts before the trial court are not in dispute, the question of jurisdiction is one of law, and no deference is afforded the trial court's conclusion. *Magness*, 744 N.E.2d at 401.

Indiana Code sections 36-7-4-1600 through 36-7-4-1616 (the "1600 Series") "establish[] the exclusive means for judicial review of zoning decisions…." Ind. Code § 36-7-4-1601(a). At issue in this case is section 1613, which provides:

> (a) Within thirty (30) days after the filing of the petition, or within further time allowed by the court, the petitioner shall transmit to the court the original or a certified copy of the board record for judicial review of the zoning decision….

> (b) An extension of time in which to file the record shall be granted by the court for good cause shown. Inability to obtain the record from the responsible board within the time permitted by this section is good cause. Failure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is cause for dismissal of the petition for review by the court, on its own motion, or on petition of any party of record to the proceeding.

Ind. Code § 36-7-4-1613. "Only a person who qualifies under … section 1613 … is entitled to judicial review of a final zoning decision." Ind. Code § 36-7-4-1602(b)(4).

Because the judicial review provisions of the 1600 Series are materially identical to their analogs in the Administrative Orders and Procedures Act ("AOPA"), we are compelled to conclude that the legislature had the same intent in enacting both. We therefore interpret

4

these respective provisions in the same manner and rely on AOPA case law below. *See*

*Habig v. Bruning*, 613 N.E.2d 61, 64 (Ind. Ct. App. 1993).

### I. Whether the Trial Court Lacked Jurisdiction as a Result of
### Howard's Failure to Timely File the Board Record

Howard claims that his failure to timely file the board record was an error of

procedure, not of jurisdiction. We agree. "Like the rest of the nation's courts, Indiana trial

courts possess two kinds of 'jurisdiction[]'": (1) subject matter jurisdiction, "the power to

hear and determine cases of the general class to which any particular proceeding belongs[,]"

and (2) personal jurisdiction, the "require[ment] that appropriate process be effected over the

parties." *K.S. v. State*, 849 N.E.2d 538, 540 (Ind. 2006). "The timing of filing the agency

record implicates neither…." *Wayne Cnty.*, 847 N.E.2d at 926. "Other phrases … like

"jurisdiction over a particular case," confuse actual jurisdiction with legal error[.]" *K.S.*, 849

N.E.2d at 540. The trial court's determination that it lacked jurisdiction was clearly

erroneous. However, because we conclude that Indiana Code section 36-7-4-1613 required

dismissal on non-jurisdictional grounds, we affirm the trial court's judgment.

### II. Whether the 1600 Series Requires Dismissal of a Petition Where
### No Materials Supporting Judicial Review Are Timely Filed

Howard contends that dismissal is "not mandatory" under the 1600 Series, relying on

this court's recent decision in *Lebamoff Enterprises, Inc. v. Indiana Alcohol & Tobacco*

*Commission*. 2013 WL 1786002, *3 (Ind. Ct. App. 2013). In *Lebamoff*, we recognized that

"cause for dismissal" under AOPA "does not mean that the case must be dismissed;" rather,

the trial court has discretion in the matter. *Lebamoff Enters., Inc. v. Ind. Alcohol & Tobacco*

5

*Comm'n*, 2013 WL 1786002 at \*4. But, there, we reversed the trial court's dismissal of a petition for failure to timely file the agency record because materials submitted with the petition were sufficient for judicial review of the question of law at issue. *Id.* at \*5.[1] The only material submitted with Howard's petition for judicial review was a list of individuals who presented evidence at the board hearing—neither the transcript of that evidence nor the Board's findings and conclusions thereon were included. Because Howard's petition challenges the sufficiency of the evidence supporting the Board's decision, this lone exhibit does not support judicial review of Howard's claim.

Howard suggests that, under *Lebamoff*, the trial court's discretion with regard to untimely filings permits the court "to accept a belated record even where an official extension has not been granted."[2] *Id.* at \*3. We conclude that it does not. "[T]he statute does not excuse untimely filing or allow *nunc pro tunc* extensions." *Ind. Family & Soc. Servs. Admin. v. Meyer*, 927 N.E.2d 367, 370-71 (Ind. 2010). "[A]n extension must be granted by the court … in order for a petitioner to transmit the agency record more than thirty days after filing a petition," *Lebamoff*, 2013 WL 1786002 at \*2, and an extension may be granted "only if the request is made during the initial thirty days following the filing of the petition for review or within any previously granted extension." *Wayne Cnty.*, 847 N.E.2d at 927.

---

[1] As we acknowledge in *Lebamoff*, the Indiana Supreme Court has expressed even division on the issue of whether a trial court may proceed with a case where the agency record was not timely filed, but the submitted materials contained sufficient facts on which a determination could be made. *Ind. Family & Soc. Servs. Admin. v. Meyer*, 927 N.E.2d 367, 372 (Ind. 2010) (2-2 decision) (Sullivan, J., not participating).

[2] This idea was merely contemplated, not established, in *Lebamoff*.

For the reasons explained above, we reject Howard's claim under Trial Rule 15 that the relation back doctrine forgives the tardiness of his second belated extension request, which Howard included in his amended petition for judicial review. Moreover, "[a]fter a filing deadline has elapsed, a party is not permitted to amend a petition to cure its procedural defects." *Corcoran v. State*, 845 N.E.2d 1019, 1022 (Ind. 2006).

The judgment of the trial court is affirmed.

RILEY, J., and BROWN, J., concur.