**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT
PATRICK SKOWONEK

**LAUREL R. K. GILCHRIST**
**ROCHELLE E. BORINSTEIN**
Gilchrist & Borinstein
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
METROPOLITAN DEVELOPMENT
COMMISSION, CITY OF INDIANAPOLIS:

**ANDREW P. SEIWERT**
Office of Corporation Counsel
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
BROAD RIPPLE ASSOCIATES, LLC:

**DAVID K. HERZOG**
**JON LARAMORE**
**APRIL E. SELLERS**
Faegre Baker Daniels LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

GOOD EARTH NATURAL FOODS, and )
PATRICK SKOWRONEK, )
)
    Appellant-Petitioner, )
)
        vs. )     No. 49A04-1403-PL-120
)
METROPOLITAN DEVELOPMENT )
COMMISSION, CITY OF INDIANAPOLIS, )
)
    Appellee-Respondent, )
)
    And )
)
BROAD RIPPLE ASSOCIATES, LLC, )
)

Appellee-Intervenor                    )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Michael D. Keele, Judge

Cause No. 49D07-1311-PL-041701

**October 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**


Good Earth Natural Foods (Good Earth) and Patrick Skowronek (collectively, the Remonstrators) filed a complaint for judicial review of a zoning decision made by the Metropolitan Development Commission (the MDC) regarding variances sought by Broad Ripple Associates, LLC (Broad Ripple) concerning the potential development of land. Skowronek appeals the dismissal of that complaint.[1]  Skowronek presents several issues for review, one of which is dispositive.  That issue, restated, is: did the Remonstrators' failure to timely file the record of the MDC proceeding justify the dismissal of their complaint, or were the materials submitted in conjunction with the complaint sufficient to permit the trial court to review the MDC's decision?

We affirm.[2]

---

[1]  Originally, Good Earth joined Skowronek as an appellant in this action.  After briefing was completed but before oral argument, Good Earth filed a "Motion to Dismiss Good Earth Natural Foods as an Appellant in this Case."  We granted that motion and therefore Good Earth is no longer a party in this appeal.

[2]   Oral argument was conducted on October 1, 2014.  We thank counsel for the helpful discussion of the issues presented in this case.

Sometime in 2013, Broad Ripple filed petitions with the MDC for variances concerning the potential development of land. In those petitions, Broad Ripple requested relief from zoning ordinances limiting the height of buildings, the number of parking spaces allowed, and outdoor seating. On July 10, 2013, the Remonstrators filed statements in opposition to the requests for variances. A hearing was convened on August 15, 2013 before a hearing examiner. Following that hearing, the requests for variances were granted. On August 20, 2013, the Remonstrators appealed that decision to the MDC. On October 16, 2013, the MDC conducted a hearing at which testimony and documentary evidence were presented. Following that hearing, the MDC approved the requests for variances.

On November 15, 2013, the Remonstrators appealed that decision to the Marion Superior Court by filing a complaint. On November 21, 2013, the Remonstrators filed a request for the record pursuant to Ind. Code Ann. § 36-7-4-1613 (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly). Sometime in early to mid-December 2013, Dolores Hampton, who had been hired to transcribe the MDC proceedings for purposes of the Remonstrators' complaint, was contacted by the MDC secretary, Emily Holmes, who advised Hampton that a motion for an extension of time had been filed and that Hampton would not have to submit the transcript by the original deadline.[3] Hampton

---

[3] The original deadline would have been December 16, 2013 because December 15 fell on a Sunday.

3

later stated in an affidavit that she would have submitted the transcript in a timely fashion if she had not received that phone call. On January 9, 2014, Hampton delivered three copies of the relevant transcripts to the MDC.

On January 14, 2014, the MDC filed a motion to dismiss the complaint on grounds that the Remonstrators had failed to comply with the following provision of I.C. § 36-7-4-1613(a): "Within thirty (30) days after the filing of the petition, or within further time allowed by the court, the petitioner shall transmit to the court the original or a certified copy of the Board record for judicial review of the zoning decision [.]" Broad Ripple, which sought and obtained the variances, was granted permission to intervene. On February 21, 2014, Skowronek filed an objection to the motion to dismiss. In it, he claimed that his failure to file the record did not mandate dismissal because he had attached the MDC's findings of fact to the complaint. He claimed these were sufficient to permit judicial review of the matter. Skowronek also contended that the MDC's findings were facially deficient. Lastly, he contended that public policy considerations counseled against dismissal because Holmes, an MDC employee, telephoned Hampton, the person hired to transcribe the record, and advised Hampton that an extension had been filed and therefore there was no need to submit the transcripts by the thirty-day deadline. An affidavit completed by Hampton to that effect was attached to the objection.

The MDC and Broad Ripple filed replies to Skowronek's objection. The MDC contended that (1) its findings of fact and the decision, which were attached as an exhibit to the complaint, were not sufficient to permit judicial review, (2) at least one of

4

Skowronek's arguments required the trial court to review the record, and (3) the court reporter's affidavit did not reflect that the court reporter informed Good Earth or Skowronek about the purported communication from Holmes to Hampton. According to the MDC, "[Skowronek and Good Earth] both knew that neither the record nor any extension of time to do so had been filed. It was their obligation to do so." *Appellant's Appendix* at 45. Accordingly, neither party could have relied in good faith upon Hampton's belief with respect to the filing deadline. Broad Ripple concluded that I.C. § 36-7-4-1613 required the parties to file the record within thirty days of the complaint or to seek an extension. Inasmuch as they did neither, according to Broad Ripple, dismissal was appropriate because the record was necessary to address at least some of the claims presented in the complaint.

A hearing was conducted on the motion to dismiss. In addition to the contentions set out above, the parties also addressed the public policy argument raised by Skowronek concerning the alleged conversation between Holmes and Hampton. The MDC contended that even if this conversation occurred, it did not relieve Good Earth or Skowronek of their statutory duty to act, i.e., to either file the record or file for an extension of time in which to do so within thirty days of filing the complaint. At this hearing, Good Earth's attorney asserted for the first time that she also had received a call from an MDC employee advising her that the MDC would be filing an extension of time to file the record.

Following the hearing, the trial court granted the MDC's motion to dismiss, thereby dismissing both the complaint and a petition filed by the Remonstrators to stay the zoning decision. Skowronek appeals that decision.

This court held in *Howard v. Allen Cnty. Bd. of Zoning Appeals*, 991 N.E.2d 128 (Ind. Ct. App. 2013) that the failure to timely file an agency record is an error of procedure, not jurisdiction. Indiana trial courts possess two kinds of jurisdiction – subject matter jurisdiction and personal jurisdiction. *Id*. We observed that "[t]he timing of filing the agency record implicates neither[.]" *Id. at 131* (quoting *Wayne Cnty. Prop. Tax Assessment Bd. of Appeals v. United Ancient Order of Druids-Grove No. 29*, 847 N.E.2d 924, 926 (Ind. 2006)). Thus, jurisdiction is not implicated in reviewing cases of this nature, and we review the trial court's ruling de novo. *See Howard v. Allen Cnty. Bd. of Zoning Appeals*, 991 N.E.2d 128.

The dispositive question in this case is whether the trial court was justified in dismissing the complaint on the grounds that the Remonstrators failed to timely file the record of the MDC proceeding. As set out above, I.C. § 36-7-4-1613(a) requires that parties seeking judicial review of a zoning decision must, within thirty days after the filing of the petition for review, either file the agency record or request an extension of time to do so. The MDC's motion to dismiss was premised upon the claim that "Indiana Code 36-7-4-1613 does not grant the Court the discretion to accept either an untimely record or a *nunc pro tunc* request for an extension, and requires dismissal." *Appellant's Appendix* at 18. In the order granting that motion, the trial court did not explain the basis of its ruling.

6

It might be presumed that the complaint was dismissed on the only ground stated in the motion, i.e., that the trial court was *required* to dismiss the complaint because the appellants failed to timely file a record or request an extension. Yet, the court's comments at the conclusion of the hearing on the appellees' motion to dismiss appear to reflect its view that dismissal was discretionary, not mandatory. The court stated:

> It's clear to me that the mandates in the statute that govern petitions for judicial review of zoning decisions are quite clear. And there's no question in this trial court's mind that it is the Petitioner's duty and responsibility to submit the Commission's record to the Court as prescribed by that statute.
>
> I hear petitions for judicial review on a fairly regular basis. By local rule, this is the court in Marion County that hears those. And in my prior capacity, I heard many petitions for judicial review of State agency decisions under similar provisions in AOPA. And this question has come up a handful of times before this trial court.
>
> *It's clear to me as well that an adjudication of the Petitioner's claims in this case requires a review of the record and it's not simply a question of law.*
>
> So, with that said, I'm going to find that the Plaintiffs have failed to timely file the record as required, and consequently the complaint should be and is hereby dismissed.

*Transcript* at 48 (emphasis supplied).

Skowronek presents a two-part argument on this issue. He must prevail on both in order to succeed in this appeal. First, he claims that dismissal under these circumstances is not mandatory, but rather discretionary. He contends that dismissal is discretionary in cases where the court need not review the agency record in order to resolve the issues presented. Assuming that to be true, the second part of Skowronek's argument is that the portion of the record submitted with his complaint was sufficient to permit judicial review

7

of his claim that the MDC's findings of fact were deficient as a matter of law. According to Skowronek, the findings were, by themselves, sufficient to reflect that the MDC misapplied the test for "practical difficulties" as that phrase is used in I.C. § 36-7-4-1613(b).

At the outset, it appears that the MDC's position on the question of whether dismissal was mandatory, and not discretionary, is not the same on appeal as it was below. The language in its motion to dismiss, reproduced above, urged the trial court to dismiss on the basis that the court had no discretion to do otherwise in view of the appellants' failure to timely file a record or request an extension. On appeal, however, the MDC states: "[w]hile the Commission does not dispute that Indiana Code section 36-7-4-1613(b) affords the trial court discretionary, not mandatory, language, [sic] the Commission contends that dismissal was absolutely warranted in this matter and supported by Indiana case law." *Brief of MDC* at 11-12. Now apparently conceding that dismissal is discretionary under I.C. § 36-7-4-1613(b), MDC contends dismissal was "absolutely warranted." *Brief of MDC* at 12.

With respect to the first part of Skowronek's argument, there is authority supporting both sides of this question, i.e., whether dismissal for failure to file the agency record is discretionary or mandatory. In *Indiana Family & Social Servs. Admin. v. Meyer*, 927 N.E.2d 367 (Ind. 2013), with two justices of the view that dismissal is mandatory, two justices of the opposite view, and one justice not participating, our Supreme Court was unable to reach a majority consensus on the question. It appears, however, that a

8

reconsideration of the issue is in the offing. The Supreme Court recently granted transfer in two Court of Appeals cases that addressed the question. In *Brown v. State, Dep't of Child Servs.*, 993 N.E.2d 194 (Ind. Ct. App. 2013), this court seemed to acknowledge that the failure to file the record is not fatal, but nonetheless held that upon the particular facts of that case, dismissal was warranted because the agency record was necessary to review the claims presented upon appeal. Our Supreme Court initially granted transfer in *Brown*, but ultimately granted the appellant's petition to dismiss the appeal after transfer had been granted. *See Brown v. State, Dep't of Child Servs.*, 2 N.E.3d 1263 (Ind. 2014)

In *First Am. Title Ins. Co. v. Robertson ex rel. Ind. Dep't of Ins.*, 990 N.E.2d 9 (Ind. Ct. App. 2013), *trans. granted*, this court affirmed the denial of a motion to dismiss based upon the failure to file the agency record. The court concluded that the materials submitted by the petitioner in conjunction with its complaint were sufficient to permit a meaningful review. The Supreme Court granted transfer in that case, and oral argument was conducted on May 1, 2014. As of October 15, no opinion had yet been handed down.

In point of fact, the members of this panel have differing opinions on the question of whether dismissal is mandatory where a party has failed to timely file the agency record. In light of the impending (we presume) resolution of that question by our Supreme Court, however, it serves no useful purpose to detail the nature of our individual views[4] when we

---

[4] For expositions of the competing views on this issue, we refer the reader to *Lebamoff Enters., Inc. v. Ind. Alcohol & Tobacco Comm'n*, 987 N.E.2d 525, 530 (Ind. Ct. App. 2013) ("failure to timely file the record is 'cause for dismissal' under Indiana Code section 4-21.5-5-13, but cause for dismissal does not mean that the case must be dismissed, especially where … the record was not required for a ruling") and *Indiana State*

9

are all in agreement that, even assuming for the sake of argument that Skowronek were to prevail on the first part of his two-part claim, he would lose on the second because the submitted materials were not sufficient to permit review of the case on the merits. Simply put, a review of the record of the agency proceedings was necessary to resolve Skowronek's claims.

Clearly, the parties disagree as to whether this case fits within the *Lebamoff* exception. The MDC and Broad Ripple contend that the claims presented by the Remonstrators amount to little more than claims of insufficient evidence – or, in this context, a lack of substantial evidence. In support, Broad Ripple directs our attention to Paragraphs 25 and 26 of the complaint. Paragraph 24 illustrates the same point. Those paragraphs read as follows:

> 24.  The Petitioner has offered no evidence into the record, nor made any claim of any economic injury, significant or otherwise. Instead, the Petitioner contends the project, as proposed, cannot fit the "adopted land-use plan recommendations." The Petitioner's failure to provide substantial, or any, evidence of a significant economic injury, makes the grant of the requested height variance by the Commission, inappropriate, as a matter of law. Absent substantial evidence of practical difficulties which include significant economic injury, the Petitioners [sic] request for the variances must fail.
>
> 25.  The Approval of the Height Variance was unsupported by substantial evidence.

*Bd. of Educ. v. Brownsburg Cmty. Sch. Corp.*, 813 N.E.2d 330, 333 (Ind. Ct. App. 2004) ("[i]f the petitioner fails to either file the agency record within thirty days of filing their petition, or request and receive an extension of time within that thirty-day period, the trial court must dismiss the petition for review because it lacks further jurisdiction to consider it").
.

The written Findings of Fact of the Metropolitan Development Commission ("MDC) state that the application of the 35 foot height requirement is in conflict with the recommendations of [the] adopted land use plan. This statement is factually incorrect. The property in question is currently zoned C-S. C-S allows for more than 75 different business types. The land owner has failed to show any evidence supporting a contention or statement that the property cannot be developed for one of these business types. Ind. Code 36-7-4-918.5 specifically states that the written findings of fact must show that the strict application of the statute will result in practical difficulties in the use of the property. This test was never applied to the variance requested in this case.

26.     The Approval of the Outdoor Seating Area was unsupported by Substantial Evidence.

The written findings of fact state that prohibiting outdoor seating will impair the project and the urban lifestyle in vision for the area. There has been no showing that seating such as this is required for the area, nor that one of the 75 different business types currently permitted for the property cannot be economically feasible and also support the urban lifestyles envisioned by the plan. Again, the Petitioner has focused on the fact that C-S zoning does not support the project as currently envisioned, rather than noting that the statute requires a showing that the strict application of the statute will result in practical difficulties in the use of the property. This test was never explored, examined or met.

*Appellant's Appendix* at 10-11. These paragraphs allege that Broad Ripple did not present

evidence sufficient to establish the criteria necessary to attain the variances.

The MDC contends that *Lebamoff* does not apply here because "the underlying

merits of this case present more than a pure question of law for the court to decide." *Brief*

*of Appellee MDC* at 13. Specifically, in order to evaluate the Remonstrators' claim, a court

must review the full record in order to decide whether the MDC's decision was supported

by the requisite quantum of evidence. The appellees contend that in such a case, the failure

to file the record of the administrative proceedings is fatal to the Remonstrators' cause of

action.  *See Howard v. Allen Cnty. Bd. Of Zoning Appeals*, 991 N.E.2d 128 (dismissal was affirmed where the only material submitted with the petitioner's complaint was a list of individuals who presented evidence at the board hearing, and the petition challenged the sufficiency of the evidence supporting the Board's decision).  *See Reedus v. Ind. Dep't of Workforce Dev.*, 900 N.E.2d 481 (Ind. Ct. App. 2009) (affirmed dismissal for failure to file the record where the petitioner claimed that the agency's decision was not supported by the record); *MicroVote Gen. Corp. v. Office of Sec'y of State*, 890 N.E.2d 21 (Ind. Ct. App. 2008) (affirmed dismissal for failure to file record where the claim was that the decision was not supported by sufficient evidence), *trans. denied*.

Skowronek counters that the claims presented in the complaint incorporate several legal theories, including that the findings of fact themselves are deficient and thus contrary to law.  Accordingly, "no review of the record beyond those Findings of Fact is necessary to make that determination."  *Brief of Appellant* at 9.  Yet, Skowronek also acknowledges that "[t]hose portions of Appellants' eight (8) page Complaint alleging a lack of substantial evidence arguably require a review of the agency record."  *Id.* at 8-9.  Skowronek's main point is that the complaint challenges the adequacy of the findings of fact, and this determination can be made merely by reviewing the face of the MDC's findings and conclusions.  Similarly, Skowronek contends that his second claim, i.e., that the MDC failed to apply governing Indiana law in determining whether compliance with the rules for a C-S zoning district would result in "practical difficulties" in the use of property, is a

12

pure question of law. Thus, he urges, these claims may be reviewed without need to consider the record of the proceeding before the MDC.

Whether the complaint can be said to allege one theory or multiple theories, Paragraph 24, 25, and 26 clearly reflect that the complaint at least *includes* an allegation that the evidence presented by Broad Ripple at the hearing before the HDC was not sufficient to establish the criteria necessary to obtain a variance. The trial court could not plausibly have resolved this claim without reviewing the record of the proceedings before the HDC. Therefore, the record was necessary and the *Lebamoff* exception does not apply. The trial court did not err in dismissing Skowronek's complaint pursuant to I.C. § 36-7-4-13.

Judgment affirmed.

VAIDIK, C.J., and MAY, J., concur.