## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 10 2019, 8:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas J. Lantz
Montgomery, Elsner & Pardieck, LLP
Seymour, Indiana

ATTORNEY FOR APPELLEE
TERESA THOMPSON

Ann C. Coriden
Coriden Glover, LLC
Columbus, Indiana

ATTORNEY FOR APPELLEE
JACKSON COUNTY BOARD OF
ZONING APPEALS

Susan D. Bevers
Lorenzo Bevers Braman & Connell
Seymour, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lake & Forest Club, Inc., <br> *Appellant,* <br><br> v. <br><br> Beulah Hamilton, et al., <br> *Appellees.* | December 10, 2019 <br><br> Court of Appeals Case No. 19A-MI-1695 <br><br> Appeal from the Jackson Circuit Court <br><br> The Honorable Roger L. Duvall, Special Judge <br><br> Trial Court Cause No. 36C01-1810-MI-68 |

**Bailey, Judge.**

# Case Summary

[1] Lake & Forest Club, Inc. ("the Club") appeals the dismissal of its petition for judicial review of a decision of the Jackson County Board of Zoning Appeals ("the BZA"). We affirm.

# Issues

[2] The Club presents two consolidated and restated issues for review:

    I.     Whether the trial court properly dismissed the petition for judicial review for failure to timely file a record of the BZA decision; and

    II.    Whether the trial court properly struck the amended petition for judicial review.

# Facts and Procedural History

[3] On August 13, 2018, Teresa Thompson ("Thompson") and Beulah Hamilton[1] applied for a special zoning exception from the BZA, for the purpose of housing no more than four horses on a 6.34-acre parcel of property zoned Lake Residential. At a meeting on September 11, 2018, the BZA voted to approve the special exception. On October 4, 2018, the Club filed a Petition for Judicial

---

[1] Beulah Hamilton is now deceased.

Review ("the Petition"). On October 9, 2018, the BZA adopted findings of fact supporting the September 11, 2018 decision.

[4] On November 20, 2018, the BZA filed a motion to dismiss the Petition. Three days later, Thompson filed her motion to dismiss the Petition. On November 29, 2018, the Club filed the BZA Record of Proceedings. On December 5, 2018, while the motions to dismiss were pending, the Club filed an Amended Petition for Judicial Review ("the Amended Petition"). The BZA and Thompson moved to strike the Amended Petition.

[5] On May 28, 2019, following a hearing upon the pending motions, the trial court dismissed the Petition, concluding that the Record of Proceedings was not filed in compliance with the thirty-day requirement of Indiana Code Section 36-7-4-1613. The trial court also granted the motions to strike the Amended Complaint. The Club filed a motion to correct error, which was deemed denied on July 19, 2019. The Club now appeals.

# Discussion and Decision

## Dismissal

### Standard of Review

[6] "We review de novo a court's ruling on motions to dismiss for failure to timely file necessary agency records where the court ruled on a paper record." *Teaching Our Posterity Success, Inc. v. Ind. Dep't of Educ.*, 20 N.E.3d 149, 151 (Ind. 2014).

# Analysis

Effective July 1, 2011, Indiana Code section 36-7-4-1600 ("the 1600 Series") establishes the exclusive means for judicial review of zoning decisions. *Carmel Bd. of Zoning Appeals v. Bidgood*, 120 N.E.3d 1045, 1049 (Ind. Ct. App. 2019).

> The 1600 Series now prescribes the following process for seeking judicial review of a board of zoning appeals' decision:
>
> - A petitioner must have standing. Ind. Code § 36-7-4-1603.
>
> - The petitioner must have exhausted administrative remedies. Ind. Code § 36-7-4-1604.
>
> - The petitioner must file the petition for review not later than thirty days after the zoning decision. Ind. Code § 36-7-4-1605.
>
> - The petitioner must comply with section 1613 concerning the time for filing the board record. Ind. Code § 36-7-4-1613(a).

*Id.*

The motions to dismiss herein alleged a lack of compliance with Indiana Code Section 36-7-4-1613(a), which provides:

> Within thirty (30) days after the filing of the petition, or within further time allowed by the court, the petitioner shall transmit to the court the original or a certified copy of the board record for judicial review of the zoning decision, consisting of:
>
> (1) any board documents expressing the decision;

(2) other documents identified by the board as having been considered by the board before its decision and used as a basis for its decision; and

(3) any other material described in this chapter or other law as the board record for the type of zoning decision at issue, subject to this section.

[9] Subsection (b) provides in relevant part:

Failure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is cause for dismissal of the petition for review by the court, on its own motion, or on petition of any party of records to the proceeding.

[10] The Club filed the Petition on October 4, 2018 and filed the Record of Proceedings on November 29, 2018, outside the thirty-day window. The Club did not request an extension of time. The failure to file the Record of Proceedings or request an extension of time within the thirty-day period precludes judicial review. *See Town of Pittsboro Advisory Plan Comm'n v. Ark Park, LLC*, 26 N.E.3d 110, 119 (Ind. Ct. App. 2015) (holding that the petitioner is not entitled to judicial review where it failed to comply with I.C. § 36-7-4-1613(a) requirement to timely transmit a board record); *Teaching Our Posterity Success*, 20 N.E.3d at 155 (setting forth a "bright line rule" that "a petitioner for [judicial] review cannot receive consideration of its petition where the statutorily-defined agency record has not been filed"); *Howard v. Allen Cnty Bd. of Zoning*, 991 N.E.2d 128, 131 (Ind. Ct. App. 2013) (holding that the 1600 Series requires

dismissal where no materials supporting judicial review are timely filed and an extension is not timely granted).  The Petition was properly dismissed.

## Amended Complaint

[11] The Club contends that it may avoid mandatory dismissal for failure to timely file the Record of Proceedings because it filed an Amended Petition on December 5, 2018.  The Club argues it is entitled to application of the relation back doctrine pursuant to Indiana Trial Rule 15(C).

[12] Trial Rule 15(A) provides in pertinent part:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty [30] days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires.

Because a responsive pleading was permitted but had not been filed, the Club need not have sought permission from the trial court to file an amended petition.  Trial Rule 15(C) provides in relevant part, "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading the amendment relates back to the date of the original pleading."

[13] Nonetheless, relation "back to the date of the original pleading," *id.*, provides the Club with no relief from the duty to timely file the Record of Proceedings

and it does not expand the time for doing so. "After a filing deadline has elapsed, a party is not permitted to amend a petition to cure its procedural defects." *Corcoran v. State*, 845 N.E.2d 1019, 1022 (Ind. 2006). The Record of Proceedings is not before the trial court and amending the petition could not cure the deficiency. The trial court did not err in striking the Amended Petition.

# Conclusion

The trial court did not err in dismissing the Petition. The Club could not circumvent the requirement for timely filing the board record by filing an Amended Petition.

Affirmed.

Kirsch, J., and Mathias, J., concur.