## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 14 2020, 9:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jacob R. Cox
Cox Law Office
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
FALL CREEK OWNER, LLC

Bryan H. Babb
Alan S. Townsend
Sarah T. Parks
Bose McKinney & Evans LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Fifty Six LLC, individually and, alternatively, in the Name of the State of Indiana ex rel. Fifty Six LLC,

*Appellant-Petitioner,*

v.

Metropolitan Board of Zoning Appeals of Marion County and Fall Creek Owner LLC,

*Appellees-Respondents.*

May 14, 2020

Court of Appeals Case No. 19A-PL-1662

Appeal from the Marion Superior Court

The Honorable Michael D. Keele, Special Judge

Trial Court Cause No. 49D07-1812-PL-049756

**Mathias, Judge.**

[1] Fifty Six LLC ("Fifty Six") appeals the Marion Superior Court's order dismissing its petition for judicial review of a decision of the Marion County Metropolitan Board of Zoning Appeals ("the Board") granting a zoning variance requested by Fall Creek Owner LLC ("Fall Creek").

[2] We affirm.

## Facts and Procedural History

[3] Fifty Six and Fall Creek Owner LLC ("Fall Creek") own adjoining parcels of real estate. On November 20, 2018, the Board issued a decision granting Fall Creek's request for a zoning variance. Fifty Six objected to Fall Creek's request for a variance. On December 19, 2018, Fifty Six filed a petition for judicial review of the Board's decision.

[4] On December 20, 2018, Fifty Six requested that the Board compile the record of proceedings. After Fifty Six was informed that the Board's court reporter needed additional time to compile the record, it filed a request for an extension of time. The trial court granted the request and set a February 19, 2019 deadline for filing the record.

[5] On February 13, 2019, Fifty Six received a mailed copy of the transcript of the variance proceedings. The transcript was scanned and e-filed with the trial court by February 19, 2019. On February 21, 2019, Board staff notified Fifty Six that there were additional documents from the variance proceedings that it needed to compile to complete the record of the proceedings. Fifty Six obtained and

filed the documents on February 28, 2019, designating the documents as a supplement to the previously filed transcript.

[6] On March 13, 2019, the Board and Fall Creek filed a motion to dismiss Fifty Six's petition for judicial review, arguing that Fifty Six failed to timely file the required copy of the Board record. Fifty Six responded on April 1, 2019, filing a motion asking the trial court to remand to the Board with instructions to complete an adequate record.

[7] The trial court held a hearing on these matters on April 12, 2019. And on May 2, 2019, the trial court entered an order granting the motion to dismiss and denying the motion to remand. This order provides in relevant part:

> 4. Fifty Six failed to transmit the record, as that term is defined by Ind. Code § 36-7- 4-1613(a), within the required time. Instead, Fifty Six only transmitted a transcript of the hearing before the [Board] within the required time.
>
> 5. The [Board]'s Findings of Facts expressly relied on other materials including a site plan dated July 12, 2018, an email dated July 24, 2018 from the Department of Public Works Traffic Engineer, findings submitted by the traffic engineer, and findings submitted by the appraiser. Also, both Fifty Six and Fall Creek presented documents to the [Board] at the hearing on November 20, 2018. Each of these, at a minimum, should have been transmitted, within the required time, as part of the record pursuant to § 1613(a)(2).
>
> 6. Under Indiana law, "Failure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is cause for dismissal of the petition." Ind. Code § 36-7-4-1613(b). The Indiana Court of Appeals has clarified that the trial court does not have the discretion to accept

untimely filing of the zoning board record when an official extension has not been granted. *Howard v. Allen County Board of Zoning Appeals*, 991 N.E.2d 128, 131 (Ind. Ct. App. 2013).

7.  On February 28, 2019, Fifty Six filed a "supplement" to the record, but the deadline had already passed, and Indiana law prohibits *nunc pro tunc* extensions. *Howard*, 991 N.E.2d at 131 *quoting Ind. Fam. & Soc. Servs. Admin. v. Meyer*, 927 N.E.2d 367, 370–71 (Ind. 2010). Further, this Court cannot weigh the equities because the Indiana Supreme Court has imposed a "bright line rule." *Teaching Our Prosperity Success, Inc. v. Ind. Dept. of Educ.*, 20 N.E.3d 149, 155 (Ind. 2014).

8.  Because Fifty Six failed to transmit the statutorily-defined record within the time allowed by the Court, the Petition must be dismissed.

9.  In its Motion to Remand, Fifty Six asks this Court, pursuant to Ind. Code § 36-7-4-1612, to remand this matter to the [Board] "with direction to prepare an adequate and complete record that does not omit or exclude evidence. . . ." Motion to Remand, p. 3. This is not an appropriate case for remand because the [Board] did not fail to prepare or preserve an adequate record or improperly exclude or omit evidence from the record. To the contrary, the [Board] completed the record as certified by its custodian of records. Therefore, any order to remand for the [Board] to prepare an adequate and complete record is unnecessary.

Appellant's App. Vol. 2, pp. 10–11. Thereafter, Fifty Six filed a motion to correct error, which the trial court denied on June 19, 2019. Fifty Six now appeals the dismissal of its petition for judicial review.

## Standard of Review

Fifty Six argues that the trial court erred in granting Fall Creek's motion to dismiss Fifty Six's petition for judicial review. The standard of appellate review for motions to dismiss depends on whether the trial court resolved disputed facts, and if so, whether there was an evidentiary hearing. *Teaching Our Posterity Success*, 20 N.E.3d at 151. Where, as here, the trial court ruled on a paper record, we review its ruling on a motion to dismiss for failure to timely file necessary agency records de novo.[1] *Id.*

## Discussion and Decision

The trial court granted Fall Creek's motion to dismiss on grounds that Fifty Six failed to timely file the administrative record. Indiana Code sections 36-7-4-1600 through 1616 are designated as the "1600 series" governing judicial review of zoning decisions.[2] *See* Ind. Code § 36-7-4-1600 ("This series (sections 1600 through 1699 of this chapter) may be cited as follows: 1600 SERIES—JUDICIAL REVIEW."). At issue here are sections 1612 and 1613.

Section 1613 provides:

> (a)  Within thirty (30) days after the filing of the petition, or within further time allowed by the court, the petitioner **shall**

---

[1] The timing of filing the agency record does not implicate jurisdiction. *Howard*, 991 N.E.2d at 131.

[2]  The 1600 series governs judicial review of "a board of zoning appeals, legislative body, plan commission, preservation commission, or zoning administrator," but not a legislative act. Ind. Code § 36-7-4-1601.

transmit to the court the original or a certified copy of the board record for judicial review of the zoning decision, consisting of:

(1) any board documents expressing the decision;

(2) other documents identified by the board as having been considered by the board before its decision and used as a basis for its decision; and

(3) any other material described in this chapter or other law as the board record for the type of zoning decision at issue, subject to this section.

(b) An extension of time in which to file the record shall be granted by the court for good cause shown. **Inability to obtain the record from the responsible board within the time permitted by this section is good cause. Failure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is cause for dismissal of the petition for review by the court, on its own motion, or on petition of any party of record to the proceeding.**

(c) Upon a written request by the petitioner, the board making the zoning decision being reviewed **shall** prepare the board record for the petitioner. If part of the record has been preserved without a transcript, the board shall, if practicable, prepare a transcript for inclusion in the record transmitted to the court, except for parts that the parties to the judicial review proceeding stipulate to omit in accordance with subsection (e).

* * *

(e) By stipulation of all parties to the review proceedings, the record may be shortened, summarized, or organized.

* * *

(g) Additions to the record concerning evidence received under section 1612 of this chapter must be made as ordered by the

court. The court may require or permit subsequent corrections or additions to the record.

Ind. Code § 36-7-4-1613 (emphasis added).

[11] Section 1612 provides in relevant part:

> (b) **The court may remand a matter to the board before final disposition of a petition for review with directions that the board conduct further factfinding or that the board prepare an adequate record, if:**
>
> > **(1) the board failed to prepare or preserve an adequate record;**
> >
> > (2) the board improperly excluded or omitted evidence from the record; or
> >
> > (3) a relevant law changed after the zoning decision and the court determines that the new provision of law may control the outcome.

Ind. Code § 36-7-4-1612 (emphasis added).

[12] Here, when the Board's reporter indicated that he needed more time to compile the record, Fifty Six requested an extension of time. The trial court, as it was required to do, granted this request, *see* I.C. § 36-7-4-1613(b), and extended the filing deadline to February 19, 2019.

[13] On February 13, 2019, Fifty Six received a mailed copy of the transcript of the variance proceedings. This copy of the transcript was not certified by the Board and was signed only by the court reporter. This copy of the transcript also did

not contain any of the exhibits presented at the hearing. Despite this, Fifty Six did not contact the Board and inquire as to when the rest of the record would be completed or request an additional extension of time, to which it would have been entitled. Instead, Fifty Six scanned and e-filed the uncertified transcript with the trial court.

[14] Fifty Six argues that filing the incomplete record before the February 19 deadline was sufficient and that any deficiencies in the record could be remedied by the remand procedure contained in Section 1612(b). We disagree.

[15] Section 1613(a) requires a petitioner to file, within thirty days or by the modified deadline where an extension is granted by the trial court, "the original or a certified copy of the board record." This "board record" is defined to include "any board documents expressing the decision," "other documents identified by the board as having been considered by the board before its decision and used as a basis for its decision," and "any other material described in this chapter or other law as the board record for the type of zoning decision at issue, subject to this section." *Id.*

[16] Here, Fifty Six's filing of a bare transcript, without certification, and containing none of the material considered by the board, does not meet the requirements of Section 1613(a). As noted by the trial court, the Board's decision explicitly relied on certain materials, including a site plan, an email from a traffic engineer, and findings submitted by the traffic engineer and an appraiser. And both parties submitted documentary evidence to the Board at the hearing. These

materials were part of the Board record, as the term is defined by statute, that Fifty Six was required to submit to the trial court within the statutory deadline or any extension of this deadline granted by the trial court. *See* I.C. § 36-7-4-1613(a). By submitting only the uncertified transcript by the February 19 deadline, Fifty Six did not submit the "board record" as required by Section 1613(a).

[17] We observed in *Howard*, 991 N.E.2d at 131, that Section 1613 "'does not excuse untimely filing or allow *nunc pro tunc* extensions.'" (quoting *Meyer*, 927 N.E.2d at 370–71). Instead, an extension must be granted by the trial court for a petitioner to transmit the board record more than thirty days after the petition for judicial review is filed. *Id.* (citing *Lebamoff Enterprises, Inc. v. Ind. Alcohol & Tobacco Comm'n*, 987 N.E.2d 525, 528 (Ind. Ct. App. 2013)). And such an extension may be granted only if it is requested during the initial thirty days following the filing of the petition for review or within any previously granted extension. *Id.* (citing *Wayne Cty. Prop. Tax Assessment Bd. of Appeals v. United Ancient Order of Druids-Grove No. 29*, 847 N.E.2d 924, 927 (Ind. 2006)).[3] Although Fifty Six did request and receive one extension of time, it did not file

---

[3] We have noted before that "the judicial review provisions applicable to zoning decisions 'are interpreted in the same manner as the relevant provisions of the AOPA [Administrative Orders and Procedures Act] and rely on case law established under the AOPA." *Allen Cty. Plan Comm'n v. Olde Canal Place Ass'n*, 61 N.E.3d 1266, 1270 n.6 (Ind. Ct. App. 2016) (quoting *Dunmoyer v. Wells Cty., Ind. Area Plan Comm'n*, 32 N.E.3d 785, 786 n.9 (Ind. Ct. App. 2015)).

the certified board record within this extended period of time or request additional time to file a copy of the certified board record.

[18] Fifty Six contends that any failings in the materials it submitted to the trial court could have been remedied by the remand procedure set forth in Section 1612(b). This subsection provides that a trial court may remand a matter to the Board before the final disposition of a petition for judicial review "with directions that the board . . . prepare an adequate record, if . . . the board failed to prepare or preserve an adequate record[.]" Here, however, the Board did not fail to prepare an adequate record. As noted by the trial court in its findings of fact and conclusions of law, the Board did ultimately prepare and certify its record. When Fifty Six received the uncertified copy of the transcript on February 13, it should have recognized that this was not the entire board record and proactively inquired as to whether the Board needed more time to prepare the certified record. Fifty Six did not seek an additional extension of time in which to file the certified, completed record. Having failed to seek an additional extension of time, Fifty Six's failure could not have been remedied by the trial court remanding the matter to the Board.

[19] We have repeatedly explained that our supreme court has adopted a bright line approach to the filing of an agency record, i.e., "'a petitioner for review cannot receive consideration of its petition where the statutorily-defined agency record has not been filed.'" *Carmel Bd. of Zoning Appeals v. Bidgood*, 120 N.E.3d 1045, 1050 (Ind. Ct. App. 2019) (quoting *Teaching Our Posterity Success*, 20 N.E.3d at 155). We do not read Section 1612 as a means of side-stepping this bright line

rule. Rather, it provides for remand to the board only where the board has failed to preserve or prepare the record, which did not occur here.

[20] For all of these reasons, we affirm the judgment of the trial court.

[21] Affirmed.

Kirsch, J., and Bailey, J., concur.